■ In the Matter of HENRY KIBEL, Respondent, v STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL, Appellant.—Judgment, denominated order, of the Supreme Court, New York County (Harold Tompkins, J.), entered August 12, 1991, which, inter alia, granted the petition brought pursuant to CPLR article 78 to the extent of allowing petitioner a rent increase for a major capital improvement retroactive to May 1, 1987, unanimously modified, on the law, to the extent of remanding the matter to respondent Division of

Housing and Community Renewal for an expedited hearing and determination of a petition for administrative review, which petitioner is directed to submit to respondent within 30 days after the date of this order and, except as so modified, affirmed, without costs. The Commissioner shall determine all aspects of petitioner's application for a rent increase within 30 days after submission of all papers to the agency. In the event the agency shall fail to comply with this directive, petitioner is granted leave to renew his application before Supreme Court.

This appeal involves the second article 78 proceeding in which petitioner has sought to compel respondent Division of Housing and Community Renewal ("DHCR") to render a final determination of his application for a major capital improvement rent increase ("MCI") which was initially denied by order of the Rent Administrator dated November 1, 1988 on the ground petitioner had failed to submit necessary evidence. The prior article 78 proceeding was brought on December 1, 1988 pursuant to Rent Stabilization Law (Administrative Code of City of NY) § 26-516 (d) and Rent Stabilization Code (9 NYCRR) § 2529.11 which provide that a petition for administrative review ("PAR") of an agency determination may be deemed denied if the Commissioner of DHCR does not issue a final ruling within 90 days after the PAR is filed (subject to certain extensions which are not relevant here). This proceeding culminated in a judgment filed October 17, 1990, remanding the matter to the Commissioner with the directive that a determination be issued within 45 days. The Deputy Commissioner of DHCR, by order dated November 20, 1990, then remanded the matter to the Rent Administrator for further proceedings.

In March 1991, petitioner brought the instant article 78 proceeding seeking to reverse the Rent Administrator's original ruling of November 1, 1988 as arbitrary and capricious, in essence renewing his earlier application. Supreme Court granted the petition "to the extent of granting petitioner its *[sic]* MCI increase as to the undisputed installation of the 398 windows and 15 sliding glass doors and * * * directing the respondent to issue a determination as to the contested matters within the 90 days it consented to in its papers."

Respondent DHCR appeals only from so much of the judgment as removes from its authority "issues that should be left to the agency's discretion and expertise." Specifically in dispute is the installation in the subject building of 15 sliding glass doors, and a substantial part of respondent's argument,

in its briefs, is devoted to guarding its prerogative to apply its expertise to decide whether the sliding doors come within the definition of a major capital improvement (New York City Rent Stabilization Law [Administrative Code] § 26-511 [c] [6] [b]; *Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal,* 75 NY2d 206).

Petitioner's brief states that, subsequent to the entry of the judgment under review, DHCR issued a determination granting his MCI with respect to 410 windows but denying it with respect to the 15 sliding glass doors. This determination is not part of the record, and the propriety of DHCR's determination regarding the sliding glass doors is not before us. However, in view of the arguments advanced by the parties on appeal and the unusual procedural posture of this matter, we deem the issue timely raised.

We note that petitioner filed his application for an MCI on May 1, 1987 and, following remand of the matter by Supreme Court, the Deputy Commissioner, in his decision dated November 20, 1990, conceded that petitioner had indeed timely responded to the Rent Administrator's request for information and that such information should be considered in rendering an administrative determination. This decision disposes of the issue raised by the PAR and is in literal compliance with Supreme Court's earlier judgment, entered October 17, 1990, directing DHCR to "render a determination", but it does little to expedite the ultimate resolution of the matter. We are in agreement with Supreme Court to the extent that we can discern no valid reason why it should have taken DHCR over four years (as of the date of the judgment appealed from) to render a final decision, and Supreme Court's disposition of the merits is not without precedent *(Matter of Raynes Assocs. Ltd. Partnership v State Div. of Hous. & Community Renewal,* 137 Misc 2d 484, *on renewal* 142 Misc 2d 90 [Rubin, J.]). However, for reasons of comity and judicial economy as well as adherence to the requirement for administrative finality *(Matter of Bloom v Division of Hous. & Community Renewal,* 138 Misc 2d 523, 527-528 [Rubin, J.]), we feel the better course is generally to direct the agency to render a final determination within a reasonable and definite time period *(Matter of 140 W. 57th St. Corp. v State Div. of Hous. & Community Renewal,* 130 AD2d 237, 244). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.