OPINION OF THE COURT
William J. Davis, J.
In this CPLR article 78 proceeding, petitioners seek judicial review of overcharge claims that were either wrongfully denied or are still pending with respondent New York State Division of Housing and Community Renewal (DHCR).
I. Facts and Contentions
Petitioners are a small group of tenants who occupied various apartments in the building located at 170 East 83rd Street, New York, New York, which is owned by respondent Valer ay Real Estate Company, Inc. (Valeray). Petitioners filed eight separate rent overcharge complaints with DHCR in 1992. Some of these complaints have culminated in a final agency determination, but most petitioners are awaiting a determination of their petitions for administrative review (PAR).
The basis for this proceeding is petitioners’ allegation that DHCR has uniformly denied legitimate overcharge complaints *455 by engaging in improper and wrongful conduct including: (1) the summary denial of any complaint based on overcharges occurring more than four years prior to the filing of the complaint; (2) deliberately ignoring binding law which requires it to consider evidence of overcharges occurring more than four years prior to the filing of the complaint; (3) unlawfully delaying decisions for four years or more; and (4) relying upon a statute, the Rent Regulation Reform Act of 1997 (RRRA) (L 1997, ch 116), which petitioners allege is unconstitutional.
Petitioners seek class action certification and reversal of thousands of decisions made by DHCR which denied overcharges based on events occurring more than four years prior to the filing of the action. Petitioners also seek a declaration that the RRRA is unconstitutional to the extent that it prevents inquiry into events occurring more than four years prior to the filing of the overcharge complaints; compensatory and treble damages; costs and disbursements including legal fees; an injunction enjoining DHCR from continuing to implement the complained of practices; and leave to serve a second amended petition.
DHCR and Valeray oppose the petition on the grounds that the complaints of various petitioners cannot be adjudicated because they failed to exhaust their administrative remedies; that this matter is not a proper class action; that the one final determination issued was not arbitrary and capricious; that the RRRA is not unconstitutional; and that this court has no jurisdiction to hear claims for compensatory and treble damages against the State.
II. Proceedings Before DHCR
Petitioners filed the following complaints with DHCR:

Ellen Daniel

Ellen Daniel rented apartment 3C at the premises on March 15, 1989. She then rented apartment 5K on March 15, 1992. On September 15, 1992 and December 1, 1992, respectively, Ms. Daniel filed separate complaints of rent overcharge with DHCR for both apartments. By order dated October 2, 1996, DHCR denied the complaints. Daniel filed a PAR on November 4, 1996 and this PAR has not yet been determined.

Marilyn Sztul and Fred Dupiton

Marilyn Sztul and Fred Dupiton rented apartment 3M on December 15, 1986. They filed a rent overcharge complaint on *456 September 15, 1992. DHCR denied the complaint on January 6, 1997. On February 6, 1997 a PAR was filed. No determination on the PAR has been issued.

Abigail Lyne

Abigail Lyne rented apartment 2F on September 15, 1986. On April 19, 1993, she filed a rent overcharge complaint. DHCR denied the complaint on October 1, 1997. Lyne filed a PAR on November 1, 1997 and this PAR has not yet been determined.

Michelle Edelman

Michelle Edelman rented apartment 3R on December 1, 1988. On December 10, 1992, she filed a rent overcharge complaint. DHCR denied the complaint on January 1, 1997. Edelman filed a PAR on February 8, 1997 and this PAR has not yet been determined.

Mark Katz and Lynn Katz

Mark Katz and Lynn Katz rented apartment 5H on October 1, 1991. On December 10, 1992, they filed an objection to the initial rent registration alleging a rent overcharge. On February 18, 1998, DHCR denied the complaint. On March 27, 1998 a PAR was filed. Pursuant to an order dated April 9, 1998, the PAR was denied as untimely because it was not filed within 35 days of the issue date of the February 18, 1998 order.

Bruce Kerner and Gail Schmertz

Bruce Kerner and Gail Schmertz rented apartment 7M on December 1, 1988. On September 15, 1992, they filed a rent overcharge complaint. DHCR has not issued any decision on this complaint.

Robert Schmertz and Debra Schmertz

Robert Schmertz and Debra Schmertz moved into apartment 5K on March 15, 1989 and then moved into apartment 7M on March 1, 1992. They filed rent overcharge complaints for both apartments on December 1, 1992 and September 15, 1992, respectively. No determination has been issued for their overcharge complaint regarding apartment 7M. As noted above, Bruce Kerner and Gail Schmertz are also awaiting a determination of their overcharge complaint regarding apartment 7M.
As to Robert and Debra Schmertz’s overcharge complaint regarding apartment 5K, a final determination was rendered on December 11, 1997 when their PAR was denied.

*457
Nancy Grossman Wollman and Jeff Wollman

Nancy Grossman Wollman and Jeff Wollman rented apartment 5K on May 1, 1986 and then rented apartment 5P on March 15, 1989. On December 1, 1992, they filed rent overcharge complaints for both apartments.
A final determination has been rendered on their complaint regarding apartment 5K. In a decision which consolidated the Wollman’s PAR with Robert and Debra Schmertz’s PAR regarding this same apartment (as noted above), DHCR rejected the claims of these petitioners.
Regarding the Wollmans’ overcharge complaint as to apartment 5P, this proceeding was terminated by DHCR on May 2, 1996 because the apartment was vacated and because DHCR was unable to obtain information necessary to process the case. No PAR or request for reconsideration was filed.
III. Failure to Exhaust Administrative Remedies
Respondents allege that various petitioners have failed to exhaust their administrative remedies and, therefore, their claims are not ripe for judicial review in an article 78 proceeding.
The record demonstrates that the following petitioners are awaiting a determination on their PAR: Ellen Daniel (apartments 3C and 5K), Marilyn Sztul and Fred Dupiton (3M), Abigail Lyne (2F), and Michelle Edelman (3R). Each of these PAR’s has been pending for more than 90 days.
When the DHCR Commissioner does not render a determination on a PAR within 90 days after filing, such PAR may be “ ‘deemed denied’ ” (see, Rent Stabilization Code [RSC] [9 NYCRR] §§ 2529.11, 2530.1; Matter of Kibel v State of N. Y. Div. of Hous. & Community Renewal, 187 AD2d 338). The Commissioner may grant one extension not to exceed 30 days on the consent of the party filing the petition; any further extension may be granted only with the consent of all parties (Emergency Tenant Protection Regulations [9 NYCRR] § 2510.10). No extensions were sought here.
DHCR’s failure to act within the required time provides the basis for a CPLR article 78 proceeding in the nature of a mandamus to review. However, “for reasons of comity and judicial economy as well as adherence to the requirement for administrative finality * * * the better course is generally to direct the agency to render a final determination within a reasonable and definite time period” (Matter of Kibel v State of *458 N. Y. Div. of Hous. & Community Renewal, supra, at 340; Matter of Mott v Division of Hous. & Community Renewal, 140 AD2d 7). Therefore, the applications of the petitioners who are awaiting a determination on their PAR are granted only to the extent of remanding the matters to DHCR with a direction to render final determinations within 60 days after service of a copy of this judgment.
As to Mark and Lynn Katz, their PAR was denied because it was not filed within 35 days. The law is clear that a PAR against an order of a Rent Administrator must be filed in person or by mail with the DHCR within 35 days after the date such order is issued (RSC § 2529.2). This 35-day time limit has been strictly enforced (Matter of Dowling v Holland, 245 AD2d 167). Since it is undisputed that Mark and Lynn Katz filed their PAR 37 days after issuance of the Rent Administrator’s order, their article 78 proceeding must be dismissed for failure to exhaust their administrative remedies (supra).
As to the complaints of Bruce Kerner and Gail Schmertz (7M) and Robert and Debra Schmertz (insofar as it relates to 7M), no initial determination has been made by the Rent Administrator, even though both complaints were filed with DHCR in 1992. No excuse for this delay has been offered, nor is there any statement as to when or whether a decision will be forthcoming. DHCR does, however, state that in the two years immediately prior to the passage of the RRRA in 1997, it increased the number of overcharge cases it processed, resulting in a net reduction of approximately 20,000 cases.
The Emergency Tenant Protection Regulations and Rent Stabilization Code do not contain any time limit for a determination by the Rent Administrator (see, RSC § 2527.6). A reasonable time to act will be presumed when no specific time is given (Matter of Audubon Ave. Assocs. v State Div. of Hous. & Community Renewal, 148 Misc 2d 831, 833). Here, a delay of over five years is inherently unreasonable, particularly where DHCR has not offered any indication as to what stage, if any, has been reached on these applications, or any approximate date for a determination. Accordingly, this is an appropriate case for the extraordinary remedy of a mandamus to compel (see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:3 [mandamus cannot be used to compel an officer or tribunal to reach a particular outcome with respect to a decision that turns on the exercise of discretion or judgment but mandamus is appropriate to compel performance of the required duty even if the particular manner of that performance cannot be compelled]).
*459 Accordingly, the petitions of Bruce Kerner, Gail Schmertz, Robert Schmertz and Debra Schmertz (insofar as they relate to apartment 7M) are granted to the extent of remanding the matter to DHCR with directions to issue a determination (RSC § 2527.6) within 60 days after service of a copy of this judgment.
As to Nancy Grossman Wollman and Jeff Wollman’s overcharge complaint regarding apartment 5P, the Rent Administrator denied the application and terminated the proceeding on May 2, 1996. No PAR was filed nor was a request for reconsideration made. Therefore, administrative remedies have not been exhausted. Any claim of lack of notice of DHCR’s determination must be addressed to DHCR in the first instance.
The only final determination that can be reviewed on the merits in this proceeding is the order dated December 11, 1997, which jointly denied the petitions for administrative review of Debra and Robert Schmertz and Nancy and Jeff Wollman regarding apartment 5K. Before the court addresses this matter, petitioners’ other requests for relief will be addressed.
IV. Class Action
CPLR 901 sets forth the prerequisites to a class action. They are:
(1) The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;
(2) There are questions of law or fact common to the class which predominate over any questions affecting only individual members;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class;
(4) The representative parties will fairly and adequately protect the interests of the class; and
(5) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Petitioners have failed to satisfy these prerequisites.
Proposed class members are first required to exhaust their administrative remedies and cannot circumvent this requirement through the mechanism of class action certification (Matter of Leone v Blum, 73 AD2d 252, 274). Only Nancy Gross-man Wollman, Jeff Wollman, Robert Schmertz and Debra Schmertz have received determinations that this court can review. Most other named petitioners are awaiting decisions from DHCR.
*460 Additionally, there is no single issue of fact or law common to the proposed class which predominates over any questions affecting only individual members. The unique factual circumstances concerning the denials of the various overcharge complaints are not common to all members of the class.
Furthermore, there is nothing to indicate that petitioners would fairly represent the interest in the class and, in any event, class action certification is inappropriate in article 78 proceedings (Matter of Leone v Blum, supra) because subsequent petitioners will be adequately protected by principles of stare decisis (Baumes v Lavine, 38 NY2d 296, 305).
V. Amendment
Petitioners’ application to serve a second amended petition is denied. The only proper issue before the court is whether DH-CR’s determination in the Wollman/Schmertz matter was arbitrary and capricious (CPLR 7803 [3]). All other issues are not properly before the court at this time.
VI. Wollman/Schmertz Overcharge Claim
This overcharge claim was filed by successive tenants of apartment 5K. Nancy and Jeff Wollman commenced occupancy on May 1, 1986 pursuant to a two-year lease at a monthly rent of $822. Debra and Robert Schmertz commenced occupancy in March 1989, after the Wollmans vacated, at $1,024.46 per month. All four tenants asserted that the landlord fraudulently misrepresented the initial rent-stabilized tenant’s rent on the rent-stabilization rider to the initial Wollman lease. Tenants also asserted that the first rent-stabilized tenant was not served by certified mail with notice of initial legal registered rent as required by section 2528.2 (d) of the Rent Stabilization Code.
In the Wollman matter, the Rent Administrator established the legal stabilized rent at $822 for the period May 1, 1988 through April 30, 1990 and, finding no overcharge, dismissed the complaint. In the Schmertz matter, the Rent Administrator established the legal stabilized rent at $994.62 for the period March 15, 1989 through March 14, 1991, and further determined that an overcharge of $2,369.13 inclusive of treble damages and interest had been collected.
In their PAR, the Wollmans alleged that the Rent Administrator erred in denying the overcharge complaint. They claim that the Administrator should have determined that an overcharge had been collected because the owner misrepresented *461 (on the rent-stabilization lease rider) the prior tenant’s rent as $721.06 instead of $499.06. In the Schmertz PAR, it was alleged that an even larger overcharge had been collected. The Schmertzes, like the Wollmans, alleged that the Rent Administrator should have based the legal rent on $499.06, the amount actually paid and not on $721.06, the amount the landlord represented as the last rent paid by the prior tenant.
In an order issued December 11, 1997, the Commissioner denied the PAR’s and affirmed the orders of the Rent Administrator, citing the RRRA, which precludes examination of rent events occurring more than four years before the filing of a complaint. Since the Wollmans filed their complaint on December 1, 1992, the base date is December 1, 1988, at which time the registered rent was $822, the amount of their initial rent. The Commissioner rejected the claim that the initial rent-stabilized tenant was not served with the initial rent registration. The Commissioner found that the owner proved service and that the initial stabilized tenant did not file a challenge within 90 days of such service. The Commissioner also rejected the claim of fraud finding that the information in the 1986 lease rider is insufficient to sustain the claim of fraudulent misrepresentation. The rider contains a statement that the rent cited therein includes apartment improvements. Further, pursuant to the RRRA, rental events occurring more than four years before the filing of the complaint are not subject to challenge. The Commissioner did not alter the Rent Administrator’s finding that the Schmertzes were overcharged and that they are entitled to a judgment of $2,396.13.
A court’s function in an article 78 proceeding is to determine, upon the proof before the administrative agency, whether the determination had a rational basis in the record or was arbitrary and capricious. Disposition of the proceeding is limited to the facts and record adduced before the agency when the administrative determination was rendered (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, 757, affd 58 NY2d 952). An action is arbitrary when it is without sound basis in reason and without regard to the facts (Matter of Pell v Board of Educ., 34 NY2d 222, 231). In this case, the challenged determination was rationally based on the express provisions of the RRRA and the administrative record.
On June 19, 1997, the Legislature adopted the RRRA, two provisions of which amended Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-516 (a) to specifically “preclude examination of the rental history of the *462 housing accommodation prior to the four-year period preceding the filing of the complaint” (Administrative Code § 26-516 [a] [2] [ii]). These particular provisions were among those that were to take effect immediately and apply to “any action or proceeding pending in any court” (L 1997, ch 116, § 46 [1]). By virtue of these express provisions of the RRRA and the unambiguous language regarding its effective date, DHCR did not err in refusing to examine the rent history for the apartment beyond four years from the date each overcharge complaint was filed. Accordingly, the determination in the Wollman matter that the base date is December 1, 1988 (four years prior to the filing of the complaint) and that on this date the registered rent of $822 was equal to the initial rent paid, is not arbitrary or capricious. Similarly, in the Schmertz matter, it was not arbitrary and capricious for DHCR to refuse to consider the rent history prior to 1988, which was four years prior to the filing of their overcharge complaint.
DHCR’s determination to reject the fraud claim was also rationally based. One cannot circumvent the four-year Statute of Limitations applicable to rent overcharge claims by couching their claim as one for fraud (Newgarden v Theoharidou, 247 AD2d 367). In applying a Statute of Limitations, it is basic that one look to the essence of the claim and not to the form in which it is pleaded (State of New York v Cortelle Corp., 38 NY2d 83, 86). The Statute of Limitations for fraud is only applicable where there would be no injury but for the fraud. Where the allegations of fraud are only incidental to another cause of action, the fraud Statute of Limitations cannot be invoked (New York Seven-Up Bottling Co. v Dow Chem. Co., 96 AD2d 1051, 1053, affd 61 NY2d 828). Here, the gravamen of each complaint is for rent overcharges and the allegations of fraud are only incidental to the rent overcharge claims. Therefore, petitioners cannot circumvent the express provision of the RRRA by alleging that there was a fraudulent misrepresentation in a lease rider.
VII. Constitutional Challenge
Petitioners allege that the RRRA’s four-year Statute of Limitations violates due process of law protections for tenants with pending overcharge claims. Before addressing this claim, the court must address a procedural issue.
An article 78 proceeding is generally not the proper method of testing the constitutionality of a statute (Matter of R & G Outfitters v Bouchard, 101 AD2d 642). However, pursuant to *463 CPLR 103 (c) the court can convert this portion of the petition into a declaratory judgment action and address this constitutional issue (Matter of Ames Volkswagen v State Tax Commn., 47 NY2d 345, 348). This court notes that the Attorney-General has extensively briefed this constitutional question, and has suggested this conversion.
The four-year limitations period on rent overcharge claims was originally enacted as part of the Omnibus Housing Act of 1983 (OHA) (L 1983, ch 403). The OHA added CPLR 213-a and section 26-516 to the Administrative Code of the City of New York. In particular, section 26-516 (a) (2) provided, in pertinent part, that a rent overcharge complaint “shall be filed with the state division of housing and community renewal within four years of the first overcharge alleged and no award of the amount of an overcharge may be based upon an overcharge having occurred more than four years before the complaint is filed”. Section 26-516 (g) provided that “[a]ny owner who has duly registered a housing accommodation pursuant to section 26-517 of this chapter shall not be required to maintain or produce any records relating to rentals of such accommodation for more than four years prior to the most recent registration or annual statement for such accommodation.” The filing of successive annual registrations would result in a rolling base date cutting off inquiry into rents charged four years earlier. In this manner, the burden of the previous system which required owners to maintain rent records for decades would be avoided.
This four-year limitations period generated controversy as to whether rent calculations could be based on information produced prior to those four years, even though the tenant could only obtain relief for the most recent four years. Some courts in the First Department permitted an examination of the rental history of the apartment beyond the four-year period prior to the overcharge complaint (see, Hart-Zafra v Pilkes, NYLJ, Feb. 1, 1995, at 29, col 2 [Civ Ct, NY County], affd sub nom. Zafra v Pilkes, NYLJ, Apr. 12, 1996, at 23, col 3 [App Term, 1st Dept], read 245 AD2d 218). The courts in the Second Department reached a contrary result (Avner v Trump Mgt., NYLJ, May 19, 1995, at 34, col 5 [App Term, 2d Dept]).
The amendments to CPLR 213-a and RSL § 26-516 (a) pursuant to the RRRA were specifically designed to put an end to this controversy.
RSL § 26-516 (a) (2) (ii), as amended, clearly states, “This paragraph shall preclude examination of the rental history of *464 the housing accommodation prior to the four-year period preceding the filing of a complaint pursuant to this subdivision.” (RRRA § 33.)
The RRRA also amended CPLR 213-a by adding the language: “Actions to be commenced within four years; residential rent overcharge. An action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged * * * and no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action.” (RRRA § 34 [emphasis added].)
The legislation was intended to statutorily codify the Legislature’s intent when RSL § 26-516 was established in 1983 by precluding the examination of rental history beyond the four years prior to the overcharge complaint (see, Senator Leibell’s Mem in support of 1996 NY Senate Bill S 7492). The New York State Senate Introducer’s Memorandum in support of 1996 NY Senate Bill S 7492 states in pertinent part: “Recent court decisions have erroneously interpreted the language of the statute * * * to permit examination of the rental history of an apartment prior to the four-year period authorized by law. See Zafra v. Pilkes, Appellate Term, First Department (New York Law Journal, April 12, 1996); 272 East 3rd Street Corp. v. Ohen, Cal. No.; 15&15-1/31/96 (Kornerich, J.). These decisions are contrary to the decision in Avner v. Trump Mgt. Inc., Appellate Term, 2nd Department (New York Law Journal, May 19, 1995), which correctly interpreted the Legislature’s intent when it held that the statutory scheme establishes a four-year limitation on the calculation of a rent overcharge and excluded proof of alleged overcharges accruing prior to the four-year period.” Senator Leibell’s Memorandum further states:
“When it amended the Rent Stabilization Law, the Legislature intended not only to limit the award for a rent overcharge to the four-year period preceding the complaint but also the examination of the rental history prior to that four-year period. This is evident not only from the express terms of the statute itself, which precludes an award ‘based upon an overcharge having occurred more than four years before the complaint’, but also by the provisions which limited an owner’s obligation to produce rent records to the four-year period.
“Notwithstanding the judicial opinions to the contrary, it was and is the intention of the Legislature to preclude the examina *465 tion of the prior rental history. This legislation is intended to statutorily codify the Legislature’s intent and ineffectively establish a statute of limitations on challenges to rents and rent increases in effect prior to the four-year period preceding the filing of an overcharge complaint by a tenant” (emphasis added).
These amendments, effective June 19, 1997, “apply to any action or proceeding pending in any court or any application, complaint or proceeding before an administrative agency on the effective date of this act, as well as any action or proceeding commenced thereafter”. (L 1997, ch 116, § 46 [1].)
There is no constitutional impediment to legislation which retroactively increases or decreases a period of limitations, providing a party has reasonable time to commence the action (Dunkum v Maceck Bldg. Corp., 256 NY 275, 285 [1931]; Gilbert v Ackerman, 159 NY 118, 123 [1899]; McGuirk v City School Dist., 116 AD2d 363, 365 [3d Dept 1986]; McKinney’s Cons Laws of NY, Book 1, Statutes § 59). “The validity of a Statute of Limitations which purports to bar a right which existed before the statute becomes effective depends upon whether the statute allows a reasonable time after it becomes a law within which a party may enforce his right.” (Dunkum v Maceck Bldg. Corp., 256 NY, at 286.)
Here, the challenged amendments neither created nor diminished nor abrogated the tenants’ right to commence and maintain an overcharge proceeding under the Rent Stabilization Law. Petitioners had the full four years in which to bring an overcharge complaint and, therefore, no statutory right was abridged. The amendment merely clarified the law to limit the examination of the rental history to the same four-year period. An individual does not have a vested interest in any rule of law or legislative policy which entitles him to have such law or policy remain unaltered for his or her benefit (see, Matter of Eagan v Livoti, 287 NY 464). Where a statute has been amended during the pendency of a proceeding, the application of that amended statute to the pending proceeding is appropriate and poses no constitutional problem (Matter of J.R.D. Mgt. Corp. v Eimicke, 148 AD2d 610, 611).
Therefore, the 1997 amendments of the RRRA are constitutional.
VIII. Other Claims
This court has no jurisdiction to award compensatory and treble damages against DHCR. Such claims can only be prose *466 cuted in the Court of Claims (Automated Ticket Sys. v Quinn, 90 AD2d 738). Furthermore, the claim that DHCR has engaged in unconscionable and illegal delays was not raised at the administrative level and, therefore, cannot be addressed in an article 78 proceeding (Matter of Fanelli v New York City Conciliation & Appeals Bd., 90 AD2d 756, supra).
IX. Conclusion
In summary, it is the declaration of this court that the RRRA, insofar as it prevents inquiry into events occurring more than four years prior to the filing of an overcharge complaint, is constitutional. The petitions of Ellen Daniel (apartments 3C and 5K), Marilyn Sztul and Fred Dupiton (3M), Abigail Lyne (2F), and Michelle Edelman (3R) are granted to the extent of remanding the matter to DHCR with a direction to render final determinations within 60 days after service of a copy of this judgment. The petitions of Bruce Kerner and Gail Schmertz (7M) and Robert and Debra Schmertz (insofar as it relates to 7M) are granted to the extent of remanding the matter to DHCR with a direction to render determinations within 60 days after service of a copy of this judgment. The petitions of Mark and Lynn Katz (5F), and Nancy Grossman Wollman and Jeff Wollman (insofar as it relates to 5P) are dismissed for failure to exhaust administrative remedies. The petitions of Debra and Robert Schmertz and Nancy Grossman Wollman and Jeff Wollman (insofar as they relate to 5K) are dismissed on the merits. All other requests for relief are denied.