OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the determination of the Conciliation and Appeals Board (CAB) reinstated.
 

 The CAB found that petitioner was one of 15 partners in the. 442-unit residential building at 85 East 85th Street. He occupied two adjoining apartments with his wife and child for six years. In 1974, he vacated the premises, with no intention of returning, and sublet the apartments, with furniture, to respondent Frangos who has occupied them ever since. Upon Perlbinder’s refusal to renew Frangos’ sublease, Frangos filed a complaint with the CAB. The CAB determined that the primary lease between Perlbinder and the owner was fabricated or altered and that Perlbinder was an illusory prime tenant. Upon the tender of an allowable rent increase, Fran-gos was to be given a renewal lease including the furniture.
 

 
 *699
 
 In this article 78 proceeding, Supreme Court annulled the CAB determination, stating that the CAB’s finding of an illusory primary tenancy was "questionable” and that the required provision of furniture constituted a "taking” without due process of law. The Appellate Division unanimously affirmed, without opinion, and we granted leave to appeal.
 

 The factual findings made by the CAB are supported by substantial evidence and may not be set aside on judicial review
 
 (see, e.g., Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd.,
 
 66 NY2d 1032,
 
 affg
 
 112 AD2d 72 [1st Dept]). Moreover, its construction of Code of Rent Stabilization Association of New York City, Inc. § 62 (A) to confer rent stabilization protections on persons denominated "subtenants” in circumstances in which the primary tenancy is illusory, is neither inconsistent with the section’s language nor irrational or unreasonable. Accordingly, it should be respected by the courts
 
 (Matter of Mid-State Mgt. Corp v New York City Conciliation & Appeals Bd., supra; Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,
 
 61 NY2d 976,
 
 affg
 
 94 AD2d 229;
 
 Hivee Realty Corp. [New York City Conciliation & Appeals Bd.],
 
 NYLJ, May 5, 1982, p 6, col 1 [Sup Ct, NY County] [Alexander, J.]).
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Titone and Hancock, Jr., concur in memorandum; Judge Alexander taking no part.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.