(September 29, 1992)

■ Bruce E. Bozzi, Respondent-Appellant, v Jacob Goldblatt et al., Appellants-Respondents.—Order and judgment (one paper), Supreme Court, New York County (Burton S. Sherman, J.), entered January 31, 1991, which, inter alia, declared the tenancy of the individual defendants in the subject apartment to be illusory, directed the corporate defendant to furnish to plaintiff a rent stabilized prime lease at a monthly rent of $244.37, determined that defendants are jointly and severally liable to plaintiff for rent over-charges of $121,758.96 plus interest, and denied plaintiff's claims for treble damages and attorneys' fees, is unanimously reversed, on the law, without costs, the motion for summary judgment is denied, the declaration is vacated, and the matter is remanded for a hearing to determine past and future use and occupancy charges for the apartment, to be paid into court pending final determination of this action. The appeals from the order of the same court, entered December 5, 1990, grant-

ing motions to reargue, are dismissed as subsumed within the appeal from the judgment, without costs.

In this declaratory judgment action, the Motion Court granted plaintiff summary judgment and declared that plaintiff is the prime tenant of Apartment 18C at 737 Park Avenue. The Motion Court also held, on the summary judgment motion, that the landlord, Katz 737 Corporation, conspired with defendants Barbara and Jacob Goldblatt to evade the rent stabilization laws. We reverse. This record presents factual issues whether the Goldblatts are illusory tenants and whether they conspired with defendant Katz 737 Corporation to evade the rent stabilization laws.

In 1958, defendant Barbara Goldblatt received a leasehold interest in Apartment 18C at 737 Park Avenue from her father who owned the building. The rent set for the apartment in 1958 was $244.37. It is alleged that the oral leasehold granted by her father in 1958 was a lifetime leasehold at that rent. The rent charged by the owner has never been raised. She resided in the apartment until 1971. Her father died in 1965 and ownership of the building passed to three co-equal testamentary trusts, one each for Barbara Goldblatt and her two siblings. Her two siblings currently reside in apartments in the building. In 1968, her first husband died. She then married defendant Jacob Goldblatt, and they lived in Apartment 18C until 1971. Then, due to a business reversal suffered by Jacob Goldblatt, they sublet the apartment and moved to Mahopac, N.Y., allegedly out of economic necessity. At that time, the Goldblatts established their primary residence in Putnam County.

Thereafter, plaintiff Bruce Bozzi and his family resided in the apartment pursuant to a series of subleases commencing on June 21, 1975. The first sublease was for a five-year term and set monthly rent at $1,750 for the first two years and $1,850 for the next three years. The two subsequent subleases were for three-year terms and set monthly rent of $2,500 and $3,500 respectively. In 1986, the Goldblatt defendants refused to renew plaintiff's sublease and stated their intention to resume residence in the apartment. This litigation followed. There is no dispute that the apartment became subject to the rent stabilization laws in 1974, prior to plaintiff's occupancy.

Two issues are presented. The first is whether the Goldblatt defendants are illusory tenants. The second issue is whether the Goldblatts and the owner conspired to evade the rent stabilization laws. We hold that on this record triable issues of fact are present on both issues.

We hold that it was error on this record to hold as a matter of law that defendants conspired to evade the rent stabilization laws. The arrangement whereby the corporate defendant continued to provide the Goldblatts with an apartment at the token rental of $244 for the last 34 years is more consistent with the Goldblatts' claim of a lifetime lease than any conspiracy to evade the rent stabilization laws. Whether the Goldblatts are illusory tenants should also be determined after a trial. There is no indication that the Goldblatts devised the sublet with the intention of evading the rent stabilization laws. Here, unlike *Matter of Avon Furniture Leasing v Popolizio* (116 AD2d 280) and *Matter of Perlbinder v New York City Conciliation & Appeals Bd.* (67 NY2d 697), there has been no factual determination by the Department of Housing and Community Renewal, formerly Conciliation and Appeals Board, based on evidence, that the prime tenancy is illusory. There is no evidence that the Goldblatts occupied any other apartment as a prime tenant to profit from the illegal middle market or to gain the windfall benefit of a cooperative conversion *(see, Yellon v Reiner-Kaiser Assocs.,* 89 AD2d 561). Nor is the connection of the Goldblatts to the apartment so tenuous as that in *Bruenn v Cole* (165 AD2d 443), that their claim of intention to return or *animus revertendi* can be dismissed as a matter of law. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Rubin, JJ.