OPINION OF THE COURT
Per Curiam.
*504 Final judgment entered September 27, 1996 affirmed, with $25 costs.
Civil Court properly dismissed the holdover petition after trial upon its finding of an illusory tenancy extending over a period of 20 years. The rent-controlled tenant, who took occupancy in 1963, permanently relocated to California in 1974 but continued to retain dominion and control over the premises by a pattern of long-term subletting. Following a 14-year occupancy by a prior subtenant, respondent herein entered into possession in January 1990 and was charged a rent approximately $300 above the legal maximum by the “prime tenant”. It is demonstrated on this record that respondent was the true primary resident of the premises and that the tenant of record’s “occupancy” since 1974 was purely fictitious.
“An illusory tenancy is defined generally as a residential leasehold created in a person who does not occupy the premises for his or her own residential use and subleases it for profit * * * [s]uch tenancies are condemned because they permit the unscrupulous to use the provisions of the rent [control] laws for financial gain, at the expense of those entitled to the laws’ protections to obtain living quarters at reasonable cost, and thereby frustrate the laws’ purposes” (Matter of Badem Bldgs. v Abrams, 70 NY2d 45, 52-53). While there is no evidence that landlord profited from its tenant’s actions or that landlord colluded with the tenant, such a finding is not a prerequisite to a determination that the tenancy is illusory (Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280, 285). Given the number of years tenant was out of physical possession, which is a “salient consideration” (Bruenn v Cole, 165 AD2d 443, 448), it strains credulity that neither landlord nor its agents lacked knowledge that third parties other than the tenant were residing in the premises. In this fact pattern, respondent should be deemed the bona fide tenant of the apartment and accorded protection from eviction.