■ Christopher H. Zafra, Appellant, v Simon Pilkes, Respondent. [666 NYS2d 633] —Order of the Appellate Term of the Supreme Court, First Department, entered on or about April 10, 1996, which affirmed an order of the Civil Court, New York County (Howard Malatzky, J.), entered on or about December 25, 1994, dismissing this nonpayment petition after trial, with leave to restore for purposes of determining the amount of any rent overcharge, unanimously reversed, on the law, without

costs, to the extent of precluding consideration of the rental history prior to the four-year period provided by statute, and the matter remanded to the Civil Court for proceedings consistent with the decision herein.

Appellate Term upheld the determination of the Civil Court that neither the four-year Statute of Limitations for rent overcharge complaints (Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a] [2]; Rent Stabilization Code [9 NYCRR] § 2526.1 [a] [2]) nor the record-keeping provisions relieving a landlord from having to produce records dating back more than four years prior to the most recent registration date (Rent Stabilization Law § 26-516 [g]) prohibits inquiry into the legality of rent increases prior to the four-year period through testimony or other additional proof, for the purpose of determining the extent to which any overcharges prior to the four-year period bear upon the recovery for the four-year period.

However, on June 19, 1997, the Legislature adopted the Rent Regulation Reform Act of 1997, two provisions of which amended Rent Stabilization Law § 26-516 (a) (2) to specifically "preclude examination of the rental history of the housing accommodation prior to the four-year period preceding the filing of the complaint". These particular provisions, moreover, were among those that were to take effect immediately and apply to "any action or proceeding pending in any court". (L 1997, ch 116, § 46 [1].)

By virtue of the Act, and the unambiguous, unqualified language regarding its effective date, the Appellate Term order is reversed to the extent that, upon further Civil Court proceedings, the rental history prior to the four-year statutory period may not be considered, pursuant to the amended statute, and the matter is remanded to the Civil Court for proceedings consistent with the decision herein.

Motion denied insofar as it seeks leave to appeal to the Court of Appeals and granted insofar as reargument/renewal is sought, and upon reargument/renewal, this Court's unpublished decision and order entered on July 24, 1997 (Appeal No. 60466-60467) is recalled and vacated and a new decision and order decided simultaneously herewith is substituted therefor; motion by *amici curiae* for permission to appear in support of petitioner-appellant's motion is granted and the affirmation and exhibits are deemed filed. Concur—Murphy, P. J., Sullivan, Milonas and Mazzarelli, JJ.