■ PRIMROSE MANAGEMENT Co., Appellant, v NANCY DONAHOE et al., Respondents. [676 NYS2d 585] —Order of the Appellate Term of the Supreme Court, First Department (Ostrau, P. J., and Freedman, J.; McCooe, J., dissenting), entered November 24, 1997, affirming the order of the Civil Court, New York County (Eardell Rashford, J.), entered on or about September 27, 1996, which granted tenant's motion to dismiss the holdover petition, unanimously affirmed, without costs, and the matter remanded to the Division of Housing and Community Renewal to set the prospective rent of the current subtenant Donahoe based upon the fair-market rent as of the date of respondent Donahoe's initial occupancy of the subject apartment plus any permissible increases since that date.

The apartment at issue in this holdover proceeding, which is located at 150 West 82d Street, was leased in 1963 to Barbara and David Spielberg, who occupied the apartment until 1974, when they moved to California. Thereafter, an illegal sublet was entered into with tenants who resided in the apartment for 14 years, until March 1989. During their occupancy, all rental payments were made to the Spielbergs.

In January 1990, the Spielbergs entered into a month-to-month sublease with Maude Chilton and Nancy Donahoe at an

alleged initial monthly rent of $900 that was later increased to $1,080. Both of these amounts were well in excess of the legal rent charged by the landlord to Spielberg under the rent-control law.

Petitioner alleges that it was not the original landlord and assumed ownership of the building in 1992. Although this allegation is not fully supported by the record, it is undisputed that, in 1994, Leo Rivera, who had been superintendent of the building for decades, retired. Shortly thereafter, the newly hired superintendent of the subject premises reported to petitioner that certain apartments in the building appeared to be occupied by persons who were not the tenants of record.

After an investigation by the owner, a non-primary resident proceeding was initiated in Civil Court against the Spielbergs, who ultimately entered into a surrender agreement with petitioner dated June 30, 1995. Thereafter, Primrose commenced this summary holdover proceeding against Chilton and Donahoe. Only Donahoe answered, alleging that in light of the fact that the Spielbergs' tenancy was illusory, she was entitled to succeed to their status as prime rent-controlled tenant.

The Civil Court, after a non-jury trial, dismissed the proceeding on grounds that the prime tenancy was illusory and the Appellate Term affirmed (Ostrau, P. J., and Freedman, J.; McCooe, J. dissenting), finding that Donahoe was "the true primary resident of the premises and that the tenant of record's 'occupancy' since 1974 was purely fictitious." (175 Misc 2d 503, 504.) Neither court made a finding as to the precise nature of Donahoe's tenancy.

We affirm.

An illusory tenancy exists where the rent laws have been violated in a way that has permitted the prime tenant to "rent * * * [the apartment] for the purpose of subleasing for profit or otherwise depriving the subtenant of rights under the Rent Stabilization Law" (*Matter of Avon Furniture Leasing v Popolizio*, 116 AD2d 280, 284; *see also, Matter of Badem Bldgs. v Abrams*, 70 NY2d 45, 52-53). Here, it is clear that Donahoe's subtenancy was, from its inception, set up to permit the prime tenant to improperly profit by violating the rent regulations. This is the hallmark of an illusory tenancy (*supra*).

Moreover, while there should be a showing of at least constructive knowledge on the part of the landlord of the subleasing arrangement, there is clearly no requirement that there be evidence of collusion on the part of the landlord before an illusory tenancy will be found (*supra*). Here, while the landlord apparently did not benefit, it did know or should have

known of the subterfuge, which was clearly within the knowledge of the former superintendent of the building.

Upon a finding of an illusory tenancy, the subtenant who has been deprived of the protection of the rent laws should be afforded the protection which he or she was wrongfully denied. While we therefore find that Donahoe is now entitled to the protection of the rent laws, we note that we reject her argument that the proper remedy is to permit her to assume the prime tenant's statutory rent-controlled tenancy. Even in the absence of the illusory tenancy, Donahoe, who moved in 1990, would not have been entitled to succeed to the prime tenant's rights in the apartment. Donahoe's argument that she is nevertheless entitled to this benefit is based on her contention that her subtenancy was preceded by a similar subtenancy and that therefore the illusory tenancy has persisted since 1974, when the prior subtenant moved in. We make no finding as to when the illusory tenancy commenced, though we note in this context that, on this record, the prior subtenant appears to have been paying the prime tenant a rent below the legally mandated rent for the apartment. However, regardless of whether the illusory tenancy commenced prior to the current subtenant's occupancy, we see no reason to afford the current subtenant what would constitute an unwarranted windfall.

We also reject landlord's contention that the subtenants' rights under the Rent Stabilization Law are, at best, limited to those they would have were they to take possession now, rather than in 1990. Instead, the subtenant is entitled to the protection that she would have been afforded had the laws been properly applied, and her prospective rent should be set, pursuant to the Rent Stabilization Law, at the fair market rent as of the date she moved in plus any permissible increases since then. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ. [See, 175 Misc 2d 503.]