*226 OPINION OF THE COURT
Gustin L. Reichbach, J.
The instant motion and cross motion present a factual pattern clearly unanticipated by the recently amended sections of the Rent Stabilization Law of 1969 (Administrative Code of City of NY § 26-516 [RSL]), the Emergency Tenant Protection Act (McKinney’s Uncons Laws of NY § 8632 [a] [1] [ETPA § 12 (a) (1); L 1974, ch 576, § 4, as amended]), and the Civil Practice Law and Rules (CPLR 213-a).
In April 1990 the defendants entered into what purported to be a sublease agreement with plaintiff Lucie Myers for the premises at 15 Pierepont Street, second floor. That agreement was for a term of two years at a rental of $2,000 per month. The agreement made reference to an overlease between plaintiff Shirley Myers as landlord and plaintiff Lucie Myers as overtenant. Shirley Myers is the mother of Lucie Myers. A written renewal was executed in June 1992, for an additional two-year term. In March of 1995 plaintiff Lucie Myers commenced a holdover proceeding against defendants, claiming the termination of defendants’ month-to-month tenancy. It was in that holdover petition that defendants learnt for the first time that their apartment was subject to the Rent Stabilization Law. Prior to that time, both when defendants had entered into their original rental agreement and their renewal, the plaintiffs had failed to provide defendants with either a Rent Stabilization renewal rider or a notice of prior legal regulated rent as required under section 2522.5 (c) (1) and (c) (1) (i) of the Rent Stabilization Code (9 NYCRR). Uncontested documentary evidence indicates that at least since 1988 annual rent registrations made with the Division of Housing and Community Renewal (DHCR) failed to list any registered rent whatsoever for the premises, claiming that the apartment was “owner occupied/employee”. The last actual rent registered was $502 in 1988.
In response to the summary proceeding brought by plaintiff Lucie Myers, defendants asserted in their March 1995 answer that the sublease agreement was a sham to circumvent the provisions of the Rent Stabilization Law, that defendants were entitled to continued occupancy under the protection of the Rent Stabilization Law and further asserted a counterclaim for overcharges from the inception of their tenancy on April 15, 1990. By order dated August 7, 1997, Judge Sarah Krauss of this court determined that defendants Frankel and Griffen are tenants of the subject apartment entitled to possession and full *227 protection under the Rent Stabilization Law and Code including the right to receive a rent-stabilized lease from the owner, Shirley Myers. The rent overcharge counterclaim and request for legal fees were severed and converted to a plenary action.
In that plenary action plaintiffs Shirley and Lucie Myers now move for summary judgment dismissing defendants’ overcharge counterclaim and request for attorneys’ fees on the grounds that such claims are barred by CPLR 213-a. Defendants cross-move for summary judgment on their claim for overcharges.
Prior to the recent amendments there had been considerable disagreement as to how the four-year Statute of Limitations contained in CPLR 213-a was to be applied. DHCR would use as the base rent the rent indicated in the annual registration four years prior to the most recent one and determine if any subsequent increases exceeded lawful amounts. Overcharges would be computed only from that date forward. The First Department disagreed. That court used the earliest base date possible (i.e., the initial registered rent) and calculated all subsequent increases on that rent. While overcharges could only be awarded for the amount accrued in the last four years, the base to calculate the legal rent could go back much farther. (Zafra v Pilkes, NYLJ, Apr. 12, 1998, at 25, col 3 [App Term, 1st Dept].) This dispute seems to have been resolved by the Legislature in its 1997 amendments. CPLR 213-a prohibits awards for overcharges occurring four years prior to commencement of the action and, as amended by the Legislature also, “preclude [s] examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action.”
The Legislature also amended section 26-516 (a) (i) of the Administrative Code to provide, “Where the amount of rent set forth in the annual rent registration filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter” (emphasis added). It is clear that the Legislature intended to provide a bright line rule, so that a rent, once registered and unchallenged for four years, is immunized from further challenge, notwithstanding that the rent registered may have exceeded the lawful maximum. (Zafra v Pilkes, 245 AD2d 218.) Based on this the landlord argues that since the first overcharge alleged occurred almost five years prior to interposition of the rent overcharge counterclaim, and there were no *228 subsequent overcharges, the claim is barred by CPLR 213-a. The landlord further contends that notwithstanding that no rent was registered as required, since four years ago the tenants were paying $2,000 per month, this sum is now beyond challenge. Finally, the landlord contends that there were major capital improvements made to the unit, and that the landlord was in fact entitled to charge the amount she did.
For their part, the tenants contend that since the Rent Stabilization Code, as amended, bars challenges to the rent set forth in the annual registrations after four years and that in this case no rental amount was set forth in the registrations the four-year period of limitations has no applicability under the facts presented. The tenants further contend that notwithstanding that there may have been other subtenants prior to their occupancy, since the last registered rent in 1988 was $502 per month, overcharges must be calculated on that figure.
An illusory tenancy exists where the rent laws have been violated in a way to permit the landlord or prime tenant to “rent[ ] * * * for the purpose of subleasing for profit or otherwise depriving the subtenant of rights under the Rent Stabilization Law”. (Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280, 284; Matter of Perlbinder v New York City Conciliation & Appeals Bd., 67 NY2d 697.) Upon a finding of an illusory tenancy, the subtenant who had been deprived of the protection of the rent laws should be afforded the protection which he or she was wrongfully denied. (Primrose Mgt. Co. v Donahoe, 253 AD2d 404 [1st Dept 1998].) In Primrose (supra), the Appellate Division was confronted with an illusory tenancy, though in that case the illusory prime tenant was the former rent-controlled tenant and the apartment was registered as rent controlled, not rent stabilized. The Court reasoned that if the tenant in occupancy had been afforded the rights to which she was entitled, the apartment would at that point no longer be rent controlled, but rather enter the rent stabilization system at a new initial rent-stabilized rent. Under those circumstances the Court refused to permit the tenant in occupancy to assume the prime tenant’s statutory rent-controlled tenancy, since the tenant would not have been entitled to be treated as a rent-controlled tenant at the time she first entered into occupancy. The Appellate Division also rejected the landlord’s claim that the tenant in occupancy’s rent should be calculated as of the time she was declared a rent-stabilized tenant. Instead the Court held that the actual tenant was entitled to the protection she would have been entitled to if *229 the laws had been properly applied, and her prospective rent set, under the Rent Stabilization Law, as of the date she moved in, plus permissible increases. Since in Primrose (supra) the apartment was moving from rent control into the rent stabilization system, the Appellate Division affirmed the Trial Judge’s decision to dismiss the holdover and remanded the matter to DHCR to set prospective rent based upon the agency’s determination of the fair-market rent as of the date of the tenant’s initial occupancy in 1990.
The Appellate Division ruling, issued August 27, 1998, was made with full knowledge of the 1997 amendments, and provides controlling authority for this court. There is of course one substantial difference in the facts presented in Primrose (supra) and the instant case. Here the apartment was not moving from rent control to rent stabilization but had long been registered under the Rent Stabilization Law and an initial rent-stabilized rent had long since been established. Thus, there is no need for a referral to DHCR under the facts presented because an initial legal rent under the Rent Stabilization Law has already been established.
While CPLR 213-a precludes examination of the rental history prior to four years before the action is commenced, clearly that restriction must be read in conjunction with the amendments to section 26-516 (a) of the Administrative Code, which provides that a registered rent unchallenged for four years is not thereafter subject to challenge, whether or not the tenant had knowledge of such registered rent. In creating a four-year Statute of Limitations which runs from the time the rent is registered, without reference to when the tenant knew or reasonably should have known of the registration, the Legislature was adopting a limitations period similar to that applied to medical malpractice actions; to wit, the date of the last act constituting the basis for the claim, not discovery of the resulting injury. (Rockefeller v Moront, 81 NY2d 560 [1993]; Goldsmith v Howmedica, Inc., 67 NY2d 120 [1986].) Thus for rent overcharge claims, the date the Statute of Limitations starts to run is the date when the rent is registered (the “act”), not when the tenant discovers the overcharge (the “discovery of the injury”).
If the landlord had registered the $2,000 they were improperly charging, the Legislature in its wisdom has now decreed that that sum would be beyond challenge after four years. Here, however, there was no rent in any amount registered four years before the challenge and thus the four-year limita *230 tions period had not yet begun to run. Since it is acknowledged that plaintiff Lucie Myers, the daughter of the owner Shirley Myers, did personally occupy the premises for a number of years prior to defendants’ occupancy, the Rent Stabilization Code does provide a statutory formula to determine the rent that defendants should have been charged. Section 2522.4 (b) (3) (vi) provides: “The DHCR shall set a rental value for any housing accommodation occupied by the owner or managing agent, a person related to, or an employee of the owner or managing agent, or unoccupied at the owner’s choice for more than one month at the last legal regulated rent plus the minimum number of guidelines increases” (9 NYCRR 2522.4 [b] [3] [vi] [emphasis added]).
This section of the Rent Stabilization Code provides a simple formula for determining how to set the lawful rent when an owner-occupied apartment returns to the rental market. Its application here would be in accord with the holding of Primrose (supra) that the lawful tenant is entitled to the protection she would have been entitled to if the laws had been properly applied, and her prospective rent set, under the Rent Stabilization Law, as of the date she moved in, plus permissible increases. There are however additional facts either in dispute or not presented in the instant moving papers that preclude a grant of summary judgment at this time. While the owner’s daughter did occupy the subject premises for a number of years, it is not clear when she vacated it. It also appears that there were a series of other purported subtenants installed in occupancy prior to the occupancy of defendants Frankel and Griffen, though how many and for how long they were in occupancy is also either in dispute or not clear.
As for the owner’s claim of entitlement to a rent increase for major capital improvements, that claim is severed without prejudice to the landlord seeking an adjustment of the legal regulated rent with DHCR pursuant to section 2522.4 (a) (2) (i) of the Rent Stabilization Code (9 NYCRR), though this court would note that such increase would seem barred by section 2522.4 (a) (8).
Based on the foregoing, both the motion and cross motion for summary judgment are denied.