*1019 OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
In this nonpayment proceeding to recover possession of a rent-stabilized apartment and arrears, the answer, filed in April 1998, asserted a claim of rent overcharge. In support of a motion for summary judgment with respect to this claim, tenant established that the annual apartment registration for 1987 was not filed until July 31, 1997 and that this registration showed an increase in rent from $174.75 in 1986 to $450 in 1987. Tenant claimed that under Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-517 (e) the failure to file a proper and timely 1987 registration barred landlord from collecting rent in excess of $174.75 until the statement was filed on July 31, 1997. In opposition, landlord’s president stated that landlord had purchased the building in June 1997 and that he had reviewed the registration statements for the preceding four years and found them to be in order. Landlord claimed that the Statute of Limitations (CPLR 213-a), as amended by the Rent Regulation Reform Act of 1997 (L 1997, ch 116 [Act]), limited review of the rent history to four years.
By order dated July 8, 1998, Judge Kramer denied tenant’s motion. He reasoned that the 1997 Act and its legislative history made it clear that the Legislature intended to limit review of the rent records to the four years immediately preceding the interposition of the overcharge claim. On July 28, 1998, the parties stipulated that a final judgment would be entered awarding landlord possession and the sum of $8,499.40, subject to tenant’s reservation of his right to appeal the overcharge issue.
On this appeal, tenant contends that the 1987 registration may be examined because it was not filed until July 1997, which is within four years of when the rent overcharge claim was interposed. Finding support for his claim in the language of several nisi prius decisions (Myers v Frankel, 179 Misc 2d 225, 229 [“the date the (statute) starts to run is the date when the rent is registered”]; Crabtree v New York State Div. of Hous. & Community Renewal, NYLJ, Dec. 9, 1998, at 26, col 1 [Sup Ct, NY County] [“the filing of the registration statement (supplies) the measuring date for purposes of establishing the four year limitation period”]), tenant argues that the limitations period for a claim of rent overcharge begins to run on the date that the rent is registered. Tenant also argues that the *1020 penalties imposed by Rent Stabilization Law of 1969 (Administrative Code) § 26-517 (e) for unfiled registrations remain unaffected by the 1997 Act. Finally, tenant argues that if the 1997 Act does bar his overcharge claim, it deprives him of his property without due process of law because it unconstitutionally shortens the limitations period for his claim, which, he again asserts, did not accrue until the 1987 registration was filed on July 31, 1997.
We reject tenant’s contentions and disapprove the language in the nisi prius decisions upon which tenant relies. A rent overcharge does not occur when a registration is filed or late-filed. It occurs when an owner collects “an overcharge above the rent authorized for a housing accommodation” (Rent Stabilization Law of 1969 [Administrative Code] § 26-516 [a]). The filing of a registration is relevant in overcharge cases only insofar as it is determinative of the legal regulated rent. Where, as here, a proper registration was filed four years prior to the most recent registration, the legal regulated rent must be determined with reference to the rent stated in that earlier registration (supra). Tenant does not claim that an overcharge occurred when the rent collected is measured against that legal regulated rent. Because “the first overcharge alleged” by tenant occurred in 1987 and tenant did not interpose his claim within four years of that overcharge, his claim is time barred (CPLR 213-a; Rent Stabilization Law of 1969 [Administrative Code] § 26-516 [a] [2]; see, Zafra v Pilkes, 245 AD2d 218; Rovito v Melendez, 175 Misc 2d 279).
As a procedural matter, tenant’s appeal has been deemed to be from the final judgment (see, CPLR 5520 [c]) because no appeal lies from an intermediate order once a final judgment has been entered (Matter of Aho, 39 NY2d 241). Although the final judgment was entered pursuant to a stipulation, it remains appealable, in particular because tenant reserved his right to appeal from the contested order (Nayman v Remsen Apts., 125 AD2d 378, 382; Messina v Lufthansa German Airlines, 64 AD2d 890, affd 47 NY2d 111; see, Sirianni v Sirianni, 14 AD2d 432). The issues raised upon the appeal from the contested order have been considered on the appeal from the final judgment (CPLR 5501 [a] [1]).
Aronin, J. P., Scholnick and Patterson, JJ., concur.