■ In the Matter of MATTHEW BRINCKERHOFF et al., Appellants, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL et al., Respondents. [713 NYS2d 56] —Judgment, Supreme Court, New York County (Beverly Cohen, J.), entered March 6, 2000, which, in a CPLR article 78 proceeding brought by petitioner rent stabilized tenants challenging respondent Division of Housing and Community Renewal's (DHCR) dismissal of their rent overcharge complaint as time-barred, granted respondents' cross motion to dismiss the petition for failure to state a cause of action, unanimously affirmed, without costs.

The four-year Statute of Limitations applicable to both administrative and judicial rent overcharge claims (Rent Stabilization Law [Administrative Code of City of NY] § 26-516 [a] [2]; CPLR 213-a), by its terms, commences to run with the "first overcharge alleged". Since the first overcharge alleged by petitioners occurred on August 1, 1984, and their overcharge proceeding before DHCR was not commenced until April 6, 1989, the proceeding was time-barred (see, *Bragston Realty Corp. v Dixon*, 180 Misc 2d 1018, 1020, citing, *inter alia*, *Zafra v Pilkes*, 245 AD2d 218). Petitioners' fraud claim is incidental to their overcharge claim, and therefore was also time-barred (see, *Daniel v New York State Div. of Hous. & Community Renewal*, 179 Misc 2d 452, 462), and their equitable estoppel claim, that the landlord's failure to register the apartment caused them to delay bringing a timely overcharge proceeding, has no support in the record. We also reject petitioners' claim that the retroactive application of the amendments to Rent Stabilization Law § 26-516 (a) (2), which effectively shortened the limitations period for their already pending rent overcharge complaints, denied them due process (see, *id.*, at 463-465; *Matter of Gelston v New York State Div. of*

*Hous. & Community Renewal*, 177 Misc 2d 431, 438; *cf., Zafra v Pilkes, supra*). Concur—Williams, J. P., Tom, Lerner, Andrias and Friedman, JJ.