■ SHIRLEY MYERS et al., Appellants, v CHRISTIAN A. FRANKEL et al., Respondents. [740 NYS2d 366] —In a summary proceeding to recover possession of real property, the plaintiffs appeal, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 7, 2000 [184 Misc 2d 608], which, inter alia, affirmed so much of an order of the Civil Court of the City of New York, Kings County (Reichbach, J.), dated September 25, 1998, as denied their motion for summary judgment dismissing the defendants' counterclaim for rent overcharges and modified the order by granting the defendants' cross motion for summary judgment on their counterclaim for rent overcharges in the sum of $139,220.

Ordered that the order of the Appellate Term is modified, on the law, by (1) deleting the provision thereof affirming the denial of the plaintiffs' motion for summary judgment dismissing the defendants' counterclaim for rent overcharges and substituting therefor a provision granting the motion, and (2) deleting the provision thereof granting the defendants' cross motion for summary judgment on their counterclaim for rent overcharges and substituting therefor a provision denying that cross motion; as so modified, the order is affirmed, with costs to the plaintiffs.

We agree with the plaintiffs' contention that the defendants' counterclaim to recover damages for a rent overcharge, which accrued in April 1990, when the defendants first entered into possession of the rent-stabilized apartment at issue and paid an allegedly excessive rent, was time barred as it was not filed until April 1995. The four-year statute of limitations applicable to rent overcharge claims commenced running with the first overcharge alleged, and Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-516, as amended by the New York Rent Regulation Reform Act of 1997 (L 1997, ch 116, § 33) precludes examination of the rent history of the apartment prior to the four-year period preceding the filing of the rent overcharge claim (*see Payne v New York State Div. of Hous. & Community Renewal,* 287 AD2d 415; *Silver v Lynch,* 283 AD2d 213; *Matter of Sessler v New York State Div. of Hous. & Community Renewal,* 282 AD2d 262; *Matter of Brinckerhoff v New York State Div. of Hous. & Community Renewal,* 275 AD2d 622).

In light of our determination, we do not reach the plaintiffs' remaining contentions. Prudenti, P.J., Santucci, S. Miller and Friedmann, JJ., concur. [See 179 Misc 2d 225.]