*247 OPINION OF THE COURT
Per Curiam.
Final judgment dated April 7, 2000 reversed, with $25 costs, final judgment of possession is granted to petitioner and the matter is remanded to the court below for a hearing to determine use and occupancy due petitioner.
The record evidence does not support application of the illusory tenancy doctrine. Respondent paid $3,000 to the record tenant to take over the stabilized apartment, and then participated in a scheme to conceal his occupancy from petitioner by tendering rent with money orders in the departed tenant’s name for three months until petitioner ceased cashing these payments. An illusory tenancy exists where the rent laws are violated in a way that permits the prime tenant to rent the premises in order to sublease for profit or otherwise deprive the subtenant of rights under rent stabilization (Primrose Mgt. Co. v Donahoe, 253 AD2d 404, 405; Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280, 284). While there is no absolute requirement that there be evidence of collusion on the part of the landlord before an illusory tenancy will be found, “there should be a showing of at least constructive knowledge on the part of the landlord of the subleasing arrangement” (Primrose v Donahoe, supra at 405). The record does not demonstrate that petitioner knew or should have known of the record tenant’s arrangement with respondent. Nor is there present in this case any of the other indicia commonly associated with a finding of illusory tenancy (see, Bru-enn v Cole, 165 AD2d 443). Accordingly, there is no basis to confer rights of tenancy upon the respondent.
Davis, J.P., Gangel-Jacob and Suarez, JJ., concur.