OPINION OF THE COURT
Edward H. Lehner, J.
Before me is an application by petitioner to annul the order issued by respondent New York City Loft Board, dated February 21, 2008, approving the report of the New York City Administrative Law Judge (ALJ), dated August 11, 2006, finding petitioner liable to its tenant Patricia Thornley for a rent overcharge of $62,880.80.
The subject premises is an apartment in a loft building located at 5-7 White Street in Manhattan, which is subject to the Loft Law (Multiple Dwelling Law art 7-C), and is registered as an interim multiple dwelling. The building has not as yet been legalized for residential occupancy and thus, although Ms. Thornley occupies her unit for residential purposes, the apartment is not now subject to the Rent Stabilization Law (RSL).
Ms. Thornley, who entered into occupancy in 1990, claims that she has been overcharged in her rent since the commencement of her occupancy. She maintains that the rental paid by the prior occupant of $770 per month is the maximum amount she could be charged. The ALJ agreed and concluded, on an application for summary judgment, that for the period from March 2002 until October 2005 all rent paid in excess of said sum was an overcharge to be repaid by the current owner of the building. In so finding, the ALJ applied 29 RCNY 1-06.1 (c), adopted by the Loft Board, which provides:
“An application for rent overcharges shall be filed within four years of such overcharge. Overcharges shall not be awarded for the period prior to the date of filing of a coverage or registration application, nor for more than four years before the date on which the application for overcharge was filed.”
Petitioner contends, among other defenses, that under CPLR 213-a the entire claim is time-barred in that the first overcharge occurred more than 15 years prior to the 2006 application to the Loft Board. Said section reads as follows:
“An action on a residential rent overcharge shall be commenced within four years of the first overcharge alleged and no determination of an overcharge and *557 no award or calculation of an award of the amount of any overcharge may be based upon an overcharge having occurred more than four years before the action is commenced. This section shall preclude examination of the rental history of the housing accommodation prior to the four-year period immediately preceding the commencement of the action.”
Ms. Thornley’s counsel acknowledged that if the apartment were subject to the RSL the entire claim would be time-barred (tr at 25-29), but asserts that under the aforesaid Loft Board regulation the overcharge may be recovered for the four years immediately preceding the filing of the complaint with respect thereto.
A similar claim was made before me by the loft tenants in the case of Mazes v Shanaman (21 Misc 3d 1134[A], 2004 NY Slip Op 51941[U] [2004]). In accord with cases involving tenants subject to the RSL, whose claims were held to be time-barred when the first overcharge was imposed more than four years prior to the filing of a complaint (Matter of Brinckerhoff v New York State Div. of Hous. & Community Renewal, 275 AD2d 622 [1st Dept 2000]; Myers v Frankel, 292 AD2d 575 [2d Dept 2002]), I dismissed the actions concluding:
“Hence, these actions first commenced eight to ten years after the first alleged overcharge are barred by the period of limitations set forth in CPLR 213-a. The fact that none of the above-cited cases involved loft space is of no significance as, while the law and regulations with respect to the occupancy of such space are different from that governing premises subject to the RSL, § 213-a applies to all rent overcharge claims of ‘residential’ tenants and plaintiffs do not dispute that they occupy their premises for residential purposes.” (2004 NY Slip Op 51941 [U], *2.)
This determination was affirmed (21 AD3d 854, 854 [1st Dept 2005], lv denied 6 NY3d 715 [2006]), the court holding that since “the first overcharges alleged . . . occurred no later than 1996, these actions commenced in 2003 are time-barred (CPLR 213-a).” (See also Stoltz v Gilbert, 13 Misc 3d 137[A], 2006 NY Slip Op 52199[U] [App Term, 1st Dept 2006].)
While the wording of the Loft Board regulation quoted above is slightly different from CPLR 213-a, clearly a city regulation cannot alter a limitation period set forth in a statewide statute. *558 (See generally Albany Area Bldrs. Assn, v Town of Guilderland, 74 NY2d 372 [1989]; New York City Health & Hosps. Corp. v Council of City of N.Y., 303 AD2d 69 [1st Dept 2003].) Hence, the governing period of limitations is that set forth in CPLR 213-a.
In light of the foregoing, it is clear that the overcharge claim is time-barred. However, Ms. Thornley asserts that the court cannot consider the issue since it was not raised before the ALJ on her summary judgment motion. While she is correct that the holding in Mozes v Shanaman (supra) and similar holdings under the RSL were not argued before the ALJ, the issue was raised before the Loft Board on the application to approve the findings of the ALJ (see exhibit Q to answer of Loft Board).
In considering a petition for administrative review (PAR) before the State Division of Housing and Community Renewal (DHCR), it has been repeatedly held that, absent good cause, the DHCR administrator should not consider records or facts that were not presented to the local administrator (Matter of Gruber v New York State Div. of Hous. & Community Renewal, 1 AD3d 112 [1st Dept 2003]; Horowitz v State of N.Y. Div. of Hous. & Community Renewal, 277 AD2d 382 [2d Dept 2000]; Brotherton v State Div. of Hous. & Community Renewal, 193 AD2d 500 [1st Dept 1993]; Matter of 60 Gramercy Park Co. v State of N.Y. Div. of Hous. & Community Renewal, 188 AD2d 371 [1st Dept 1992]). The essence of these decisions is that in deciding a PAR, the reviewing administrator should act in the same manner as a court would in reviewing an administrative agency’s determination, where the court “is confined to the facts and records adduced before the agency” (Matter of Rizzo v New York State Div. of Hous. & Community Renewal, 6 NY3d 104, 110 [2005]; Matter ofYarbough v Franco, 95 NY2d 342, 348 [2000]). However, here the crucial evidence was not in dispute in that the first overcharge was allegedly made in 1990 and the claim was not asserted until 2006. Thus, the Loft Board had all the facts necessary to make a ruling on the legal defense asserted by petitioner that the claim was time-barred. Moreover, the practice here was different than the procedure on a PAR. In the latter situation, the State Administrator is reviewing an order issued by a local administrator which would be final and binding upon the parties absent a PAR. Here, the ALJ submitted a “Report and Recommendation,” which has no effect on the parties without a determination by the Loft Board to approve or reject the recommendation.
*559 Considering all of the circumstances presented herein, it would be unjust to permit a clearly time-barred claim to be sustained against petitioner. Accordingly, the petition is granted and the order is annulled.