[912 NYS2d 846]

In the Matter of Washington 921 Limited Partnership, Petitioner, v New York State Division of Housing and Community Renewal, Respondent.

Supreme Court, Kings County, September 23, 2010

## APPEARANCES OF COUNSEL

*Erez Glambosky*, New York City, for petitioner. *Andrew M. Cuomo, Attorney General*, for respondent.

## OPINION OF THE COURT

DAVID I. SCHMIDT, J.

Petitioner Washington 921 Limited Partnership seeks judicial review, under CPLR article 78, of an order by respondent New York State Division of Housing and Community Renewal (DHCR) which denied petitioner's petition for administrative review (PAR) and affirmed a determination of the Rent Administrator (RA) establishing the legal regulated rent for the subject apartment and finding a rent overcharge. This proceeding originated on August 18, 2008 with the filing of a rent overcharge complaint by the tenants occupying apartment 6K in petitioner's building at 921 Washington Avenue in Brooklyn. The tenants took occupancy of the apartment on September 1, 2006 pursuant to a one-year lease with a monthly rent of $1,500. The tenants thereafter signed a one-year renewal lease for a monthly rent of $1,563.75. In their complaint, the tenants alleged that the monthly rent in the amount of $1,563.75 was excessive since the "last tenant [petitioner could] prove to pay rent only paid $816.52" and petitioner made only minor improvements to the apartment which could not justify their present rent. In addition to their complaint, the tenants submitted a DHCR printout listing the annual registration information for the subject apartment. The printout indicated that Geneve Gifford occupied the apartment pursuant to a two-year lease for the term October 1, 2003 to September 30, 2005 with a legal regulated rent of $816.52 and that "ALL BORO" was the "tenant" of the apartment for the term July 1, 2005 to June 30, 2006 with a legal regulated rent of $1,200. In response to the complaint, petitioner submitted a letter, received by the DHCR on November 12, 2008, which stated that the tenants were, in fact, overcharged in rent in the amount of $7,265.09 (inclusive of 9% interest), that a refund check for this amount had been delivered to the tenants and that the rent for the tenants' current lease was adjusted to $1,344.63. Petitioner further requested that treble damages not be assessed because it relied

in good faith upon the leases and DHCR registrations that were transferred to it by the previous owner following petitioner's purchase of the building in December 2007.

On July 9, 2009, the RA issued an order finding a rent overcharge in the amount of $24,268.88, with interest in the amount of $3,473.22. In calculating the base date rent of $536.90, the RA used a default formula, adopting the lowest rent charged for a rent-stabilized apartment with the same number of rooms in the same building on the base date. The RA stated that the default formula was used in calculating the legal regulated rent on the base date (August 18, 2004) as petitioner failed to submit a base date lease as requested. The RA further stated that the rent calculation chart reflects the tenants' payments based on adjustments due to petitioner's refund ($6,604.42) and that the interest on the refund amount ($660.97) is reflected on the rent calculation chart as a "refund." The RA did not assess treble damages on the overcharge amount, finding that the overcharge was the result of a "unique circumstance" in that when petitioner purchased the building it was given only a certified rent roll and had "no way of supplying the requested leases."

On August 11, 2009, petitioner filed a PAR wherein it challenged the RA's use of a default formula for establishing the base date rent and argued that the RA should have used the three-part criteria set forth in Rent Stabilization Code (RSC) (9 NYCRR) § 2522.6. Petitioner also argues that the rent registered for the apartment on September 17, 2003, $759.55, has not been challenged for four years and therefore cannot now be disputed. Petitioner further contends that the DHCR did not "consider all of the equities" as required by RSC § 2522.7 when it established the remarkably low base date rent, especially in light of petitioner's rent refund to the tenants and the tenants' acceptance of the refund and new rental rate without contention.

By order dated March 4, 2010, the Deputy Commissioner denied petitioner's PAR, stating, in part:

> "[Petitioner] first argues that section 2522.6 (b) of the Rent Stabilization Code ('Code') sets forth the authorized methods of determining the base rent, but [it] quotes only from subdivisions 1, 2, and 3 thereof while neglecting to note what immediately precedes them: that those methods are to be used '*where [an] owner purchases* the housing accommodations *upon a . . . sale effected in connection*

*with a . . . judicial proceeding, and* no records sufficient to establish the legal regulated rent were made available to such purchaser.' . . . Clearly those provisions do not govern the circumstances before us.

"Petitioner next asserts that, under said section 2522.6, the base-date rent can be established by a rent registration that has not been challenged within four years. This Division, however, determines the base-date rent in accordance with section 2520.6 (e) and (f) of the Code, which define that rent as what *was charged on the base date*, while registrations—mere self-reports which (no matter when filed) only purport to set forth the rent as of April 1 of the year in question—are not deemed reliable enough for acceptance as proof of that actual base-date rent. And in the absence of such reliable evidence, the Division has long used the 'default' method of which petitioner complains.

"That method entails, aside from a manner of establishing the base rent, a freeze thereof and generally a trebling of the resulting damages. We note that the Administrator has given special treatment to this matter by declining to impose such trebling. Thus another of petitioner's requests, that the agency consider the equities under section 2522.7 of the code, has actually been granted." (Emphasis added.)

The instant article 78 proceeding ensued. In its petition, petitioner reiterates its argument that the DHCR arbitrarily employed the default formula in establishing the legal rent instead of the three-part formula of RSC § 2522.6 (b), and argues, among other things, that the $759.55 rent registered on September 17, 2003, having gone unchallenged for over four years, should be utilized as the base date rent, that the DHCR failed to take into account the equities when it established the base rent and that the tenants conceded the rent determined by petitioner when they accepted the overcharge refund.

In reviewing a determination of the DHCR, the court is limited to a review of the record which was before the DHCR and to the question of whether its determination was arbitrary and capricious and without a rational basis (*Matter of Flagg Ct. Realty Co. v Holland*, 265 AD2d 327 [1999]). A decision is arbitrary if it is "without sound basis in reason and is generally

taken without regard to the facts" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

The established base rent is the legal regulated rent chargeable on the base date, together with any subsequent lawful increases and adjustments (*see* RSC § 2520.6 [e]; § 2526.1 [a] [3] [i]). In relevant part, the base date is defined by statute as the date four years prior to the date of the filing of a rent overcharge complaint (*Zafra v Pilkes*, 245 AD2d 218, 219 [1997]; RSC § 2520.6 [f] [1]; *see* CPLR 213-a). While courts have allowed the use of the "default formula" to determine the base date rent where the owner is unable to provide sufficient evidence as to the rent actually charged on the base date, the default formula is a product of the agency and is not embodied in either the Rent Stabilization Law or Rent Stabilization Code or otherwise statutorily required where base date leases cannot be produced. Section 2526.1 (a) (3) (ii) of the RSC provides that where the rent charged on the base date cannot be established, the rent shall be determined by the DHCR in accordance with RSC § 2522.6. Subdivision (b) of RSC § 2522.6 states, in part, that

> "where the amount of rent set forth in the rent registration statement filed four years prior to the date the most recent registration statement was required to have been filed pursuant to Part 2528 of this Title is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge any time thereafter."

The foregoing regulation is based on Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-516 (a), which states, in part:

> "Where the amount of rent set forth in the annual rent registration statement filed four years prior to the most recent registration statement is not challenged within four years of its filing, neither such rent nor service of any registration shall be subject to challenge at any time thereafter."

The last annual rent registration statement before the base date was filed on September 17, 2003 and stated a rent of $759.55. It is not in dispute that this rental amount has not been challenged within four years of filing. In using a default formula to set the base rent to a lower amount, the DHCR is

arbitrarily reducing what should be the minimum rent allowable on the base date, a rent which is established and is unchallengeable under the four-year rule stated above. While the DHCR argues that RSL § 26-516, as amended by the Rent Regulation Reform Act of 1997 (RRRA), precludes the examination of rent history prior to the four-year period preceding the filing of a rent overcharge complaint, and that consideration of the rent stated in the 2003 filing would violate this four-year rule, the DHCR is nonetheless violating the same four-year rule by making a finding which effectively negates a registered rent unchallenged for more than four years. "The rules germane to a situation where parts of a statutory scheme are in apparent conflict require that, where it is possible to do so, the court must harmonize those parts, reading and construing them together, and reconciling them in the manner most consistent with the overall legislative intent" (*Jenkins v Fieldbridge Assoc., LLC*, 65 AD3d 169, 173 [2009]). The RRRA was "intended to strengthen the limitation on the review available in rent overcharge proceedings strictly to the four-year period immediately preceding the filing of the complaint" (*Matter of Ardor Realty, LLC v Division of Hous. & Community Renewal*, 25 AD3d 128, 136 [2005]) and "to simplify the administration of rent laws while protecting the rights of tenants and owners" (*id.*). The time limitation imposed therein was also intended to relieve building owners from having to retain rent records on rent-stabilized apartments dating back more than four years from the time of the filing of the overcharge complaint (*see Zafra*, 245 AD2d at 219). Thus even if the base date rent is in dispute or not known, an owner must be confident that any rent registered longer than the previous four years is established and may not be reduced in a subsequent year absent a finding of a decrease in services. In this peculiar instance, the DHCR's application of the default formula is irrational since doing so would result in the negation of an unassailable registered rent, thereby vitiating the legislative intent behind the four-year limitation on challenges to registrations.

As a result, the petition is granted to the extent that this matter is remanded to the agency for recalculation of the base rent and overcharges thereon, if any, utilizing a method other than the default formula, and which shall result in a base rent calculation of no less than $759.55.