68-74 Thompson Realty, LLC, Petitioner-Landlord-Respondent, 
against
Carolyn Heard, et al, Respondents-Tenants-Appellants.



Respondent-undertenant Yvonne Tseng appeals from a "decision and order" of the Civil Court of the City of New York, New York County (Sabrina B. Kraus, J.), entered on or about March 8, 2016, after a nonjury trial, awarding possession to landlord in a holdover summary proceeding.




Per Curiam.
Appeal from a "decision and order" (Sabrina B. Kraus, J.), entered on or about March 8, 2016, deemed an appeal from the ensuing final judgment (Anne Katz, J.), entered March 23, 2016, and so considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs, for the reasons stated by Sabrina B. Kraus, J. at Civil Court. 
We find no cause to disturb the trial court's fact-laden determination that appellant-undertenant Yvonne Tseng failed to prove her illusory tenancy defense. The trial record showed and the court expressly found that Tseng and the prime tenant (Carolyn Heard) "participated in a scheme to hide an alleged sublet from petitioner" (see Vesky v Antunez, 191 Misc 2d 246 [2002]). Among other things, tenant and Tseng affirmatively represented that Tseng was tenant's roommate, a representation which induced landlord to settle a prior illegal sublet proceeding; neither tenant nor Tseng ever notified landlord that tenant had vacated; rent was paid from a joint account bearing both tenant's and Tseng's names, despite being funded and used primarily by Tseng; and tenant continued to execute renewal leases for the apartment (see Square Block Assoc., v Fernandez, 29 Misc 3d 138[A], 2010 NY Slip Op 52040[U] [App Term, 1st Dept 2010]). The evidence also supports the court's finding that landlord did not have actual or constructive knowledge of Tseng's arrangement with tenant (see Primrose Mgt. Co. v Donahoe, 253 AD2d 404, 405-406 [1998]; Vesky v Antunez, supra]), and that tenant did not engage in profiteering (see 333 E. 49th Partners, L.P. v Siebert, 23 Misc 3d 132[A], 2009 NY Slip Op 50680[U] [App Term, 1st Dept 2009]). Moreover, the trial court, having heard Tseng's testimony and observed her demeanor, was entitled to discredit her testimony (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]), upon its assessment that it was "inconsistent, contradictory and inherently unreliable" (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: February 23, 2017