Mia Terra Realty Corp., Petitioner-Landlord-Respondent, 
against
Priscilla Sloan a/k/a Priscilla Dick, Respondent-Tenant, -and- Max Mosler, Respondent-Undertenant-Appellant.



Respondent-Undertenant Max Mosler appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about November 7, 2016, after a nonjury trial, which awarded landlord possession against undertenant in a holdover summary proceeding, and (2) an amended final judgment (same court and Judge), entered on or about November 28, 2016, which, upon vacating the prior final judgment, awarded landlord possession against tenant and undertenant.




Per Curiam.
Amended final judgment (Jean T. Schneider, J.), entered on or about November 28, 2016, affirmed, with $25 costs. Appeal from final judgment (Jean T. Schneider, J.), entered on or about November 7, 2016, dismissed, without costs, as academic.
A fair interpretation of the evidence supports the trial court's finding that respondent-undertenant failed to meet his "affirmative obligation" of establishing succession rights to the rent stabilized apartment as a nontraditional family member of the tenant. The record shows, and indeed the parties stipulated, that tenant vacated the apartment in 2006. Tenant, however, continued to execute renewal leases for the apartment extending through 2014 and rent was paid with checks in tenant's name during that time. On these facts, the trial court correctly concluded that tenant cannot be found to have permanently vacated the apartment at any time prior to the expiration of the last lease renewal on August 31, 2014 (see Third Lenox Terrace Assoc. v. Edwards, 91 AD3d 532, 533 [2012]). Since undertenant did not "reside with" tenant in the subject apartment during the two-year period immediately preceding tenant's permanent vacatur, [*2]undertenant's succession claim must fail (see Third Lenox Terrace Assoc. v Edwards, 91 AD3d at 533).
Nor do we have cause to disturb the trial court's rejection of undertenant's illusory tenancy defense (see Primrose Mgt. Co. v Donahoe, 253 AD2d 404, 405-406 [1998]). The trial evidence, fairly interpreted, supports the court's finding that there was no sublet for profit, landlord was not aware that tenant had vacated, and that tenant "continued to contact the landlord's employees on [undertenant's] behalf for a number of years in an effort to hide her absence" (see Square Block Assoc., Inc. v Fernandez, 29 Misc 3d 138[A], 2010 NY Slip Op 52040 [App Term, 1st Dept 2010]; Vesky v Antunez, 191 Misc 2d 246 [2002]). 
Although undertenant was originally named as "John Doe," he sustained no discernible prejudice as a result of this designation. To the contrary, undertenant was fairly apprised that he was the party the proceeding was intended to affect and, without raising any objection to the designation, he answered the petition, and defended the proceeding on the merits (see ICD Group Intl. v Achidov, 284 AD2d 244 [2001]). Moreover, given undertenant's self-described "nomadic" upbringing that left him without a birth certificate, social security card and having never paid taxes, coupled with his efforts to "avoid contact with [landlord's] employees," Civil Court properly determined that landlord was unaware of the identity of undertenant when it commenced the proceeding and obtained jurisdiction over him by naming him as "John Doe" (see CPLR 1024; Kahen v Woutersz, 2002 NY Slip Op 50670[U][App Term, 2nd & 11th Jud Dists. 2002]).
Finally, undertenant, who has not proven a right to succeed to the tenancy, does not have standing to challenge the judgment against the defaulting tenant (see Rainbow Assoc. v Culkin, 2003 NY Slip Op 50771[U] [App Term, 2nd & 11th Jud Dists. 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 13, 2017