388 Broadway Owners, LLC, Petitioner-Landlord-Respondent, 
against
Elizabeth Salaway, Respondent-Tenant, and Mario Bosquez, Respondent-Undertenant-Appellant, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Appellant-undertenant Mario Bosquez appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about October 16, 2017, after a nonjury trial, awarding possession to landlord in a holdover summary proceeding.




Per Curiam. 
Final judgment (Jack Stoller, J.), entered on or about October 16, 2017, affirmed, with $25 costs.
We find no cause to disturb the trial court's fact-laden determination that appellant-undertenant Mario Bosquez failed to prove his illusory tenancy defense. The trial evidence, fairly interpreted, supports the finding that undertenant never represented himself as anything other than a roommate of the prime tenant (Elizabeth Salaway); neither tenant nor undertenant ever notified landlord that tenant had vacated, and rent was continuously paid by check from an account bearing tenant's name (see 68-74 Thompson Realty, LLC v Heard, 54 Misc 3d 144[A], 2017 NY Slip Op 50238[U][App Term, 1st Dept 2017]; Square Block Assoc., Inc. v Fernandez, 29 Misc 3d 138[A], 2010 NY Slip Op 52040[U] [App Term, 1st Dept 2010]). The evidence also supports the court's express finding that landlord did not have actual or constructive knowledge of tenant's arrangement with undertenant (see Primrose Mgt. Co. v Donahoe, 253 AD2d 404 [1998]). Nor did landlord derive any benefit from tenant's conduct.
In addition, while tenant engaged in profiteering, she refunded the overcharges to [*2]undertenant. Accordingly, there is no basis to confer independent tenancy rights upon undertenant in the circumstances described.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 28, 2018