Meyer v 224 Lafayette St. Corp. (2018 NY Slip Op 07259)





Meyer v 224 Lafayette St. Corp.


2018 NY Slip Op 07259


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Sweeny, J.P., Mazzarelli, Kahn, Oing, Singh, JJ.


7478 152786/16

[*1]Scott Meyer, Plaintiff-Respondent,
v
224 Lafayette St. Corp., also known as 224 Lafayette Street Corp., et al., Defendants-Appellants.


Helbraun & Levey, LLP, New York (Elizabeth M. Kolleeny Tankel of counsel), for appellants.
Grimble & LoGuidice, LLC, New York (Robert Grimble of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered May 19, 2017, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for summary judgment as to liability on the causes of action for rent overcharges, treble damages and interest and conversion of the security deposit, declaring his rights under the Rent Stabilization Law and the Rent Stabilization Code, and dismissing the statute of limitations affirmative defense, and declared that apartment 8 in the building located at 224 Lafayette Street in Manhattan was a rent-stabilized unit and that plaintiff was entitled to a rent-stabilized lease and receipts for all rental payments made by him, unanimously affirmed, without costs.
Plaintiff established prima facie the existence of an illusory tenancy scheme by defendants (see Matter of Avon Furniture Leasing v Popolizio, 116 AD2d 280, 284 [1st Dept 1986], lv denied 68 NY2d 610 [1986]; Primrose Mgt. Co. v Donahoe, 253 AD2d 404, 405 [1st Dept 1998]). The affidavits by plaintiff and a former tenant show that the registration filed by defendants reflected that various relatives of the landlord's principal were tenants of apartments that were actually occupied by other individuals.
Defendants failed to raise an issue of fact; they submitted no leases to the tenants shown on the registration or rent ledgers or similar documentation. Defendants' claim that the son of landlord's principal was the prime tenant of apartment 8 is not supported by any documentary evidence, including leases.
Defendants also failed to support their contention that plaintiff was not entitled to the rights of a rent-stabilized tenant because apartment 8 was not his primary residence; in contrast, plaintiff submitted voluminous records reflecting the indicia of prime tenancy (see Glenbriar Co. v Lipsman, 5 NY3d 388 [2005]; 9 NYCRR 2200.3[j]).
In view of the foregoing, the court correctly concluded that the DHCR default formula should be used to calculate the rent overcharges (see Conason v Megan Holding, LLC, 25 NY3d 1 [2015]).
Defendants failed to raise an issue of fact whether plaintiff ever made a security deposit. In his affidavits, the supposed prime tenant, the son of the landlord's principal, did not deny that [*2]a security deposit was received, and defendants provided no documentation of a security deposit bank account.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK