OPINION OF THE COURT
Peter Tom, J.
The issue in this case is whether a landlord can recover possession of a rent-stabilized apartment from a tenant for overcharging her undertenant rent even after the undertenant has vacated the premises before the expiration of the notice to cure.
Respondent Padien has been a rent-stabilized tenant of the subject premises since 1980. In or about May 1985 she took in a subtenant, respondent Hill, without permission of the landlord. The undertenant lived in the apartment until September 1986 when she had a disagreement with the prime tenant. As a result of the disagreement the sublet arrangement was disclosed to the landlord including the fact that respondent Padien collected rent from the undertenant in excess of the legal rent.
*93 Respondent Padien concedes that she charged the undertenant a monthly rent of $500 while the legal rent for the apartment was $243.62. She overcharged the undertenant 100% in excess of the legal rent for approximately IVi years.
During the period of the sublet respondent Padien traveled extensively and when she was not traveling she spent most of her nights at her fiancé’s apartment. She did stay at the premises in issue on occasions.
When petitioner discovered this illegal sublet it caused a notice to cure to be served upon respondent Padien. The notice which is dated September 19, 1986 provides that the tenant has violated a substantial obligation of the lease by:
1) Subletting the premises without permission of the landlord.
2) Charging the subtenant rent in excess of the legal rent.
The notice further provides that the violation must be cured no later than October 3, 1986.
Upon receipt of this notice respondent Padien consulted an attorney who advised her to cure the breach before October 3. Respondent Padien then made arrangements to return all rent overcharges in the sum of $4,870.32 to respondent Hill and have her vacate the premises. After receiving a check from respondent Padien for this amount respondent Hill vacated the premises on October 2.
At the time petitioner’s managing agent, Irving Kahn, signed the notice of termination dated December 3, 1986, he had received written notice that respondent Padien had cured the breach and that respondent Hill had vacated the premises. Petitioner does not dispute the fact that respondent Hill vacated the premises on October 2, or that respondent Padien repaid all rent overcharges.
Petitioner contends that it does not matter as to whether respondent Padien cured the illegal sublet on time but the fact that she substantially overcharged the undertenant rent caused her to forfeit her rights to the apartment. Petitioner cites the case of Continental Towers Ltd. Partnership v Freuman (128 Misc 2d 680 [App Term, 1st Dept]) in support of its contention.
In the Continental Towers case, the Appellate Term of the Supreme Court ruled that a rent-stabilized tenant had forfeited his rights to his apartment when he misrepresented to the landlord and charged the undertenant a rental in excess *94 of 100% of the stabilized rent. The Appellate Term directed the eviction of the prime tenant even though the subtenant vacated the premises shortly after the commencement of the proceeding. The appellate court reasoned that the prime tenant in using the very rent protection scheme of the Rent Stabilization Law, to defraud the public for profit, undermined the integrity of the law and ordered his eviction.
The court recognizes the need for stringent supervision of sublessors who commercialize rent-regulated apartments for profit.
However, the facts in this case are distinguishable from the facts in the Continental Towers case.
In the Continental Towers case the tenant did not timely cure his default and the tenancy was properly terminated. The trial court found that the tenant did breach a substantial lease obligation by misrepresenting to the landlord so as to induce its consent to sublet. The court entered a final judgment of possession against him but permanently stayed the issuance of the warrant since the subtenant vacated the premises shortly after the commencement of the proceeding. The Appellate Term of the Supreme Court in modifying the lower court’s decision ruled that the cure provisions in RPAPL 753 (4) should not be rotely applied especially in a case where the tenant used the rent regulating law to defraud the landlord and the subtenant.
For the court to apply the ruling of the Continental Towers case and address the issue of rent overcharges as urged by petitioner, the court must first have jurisdiction over the proceeding.
The crucial difference between the Continental Towers case and this case is the compliance by the tenant in this proceeding with the landlord’s notice to cure. The prudent advice of the attorney for respondent Padien may have saved her apartment.
Although the lease agreement only provides that the illegal sublet constitutes a default of the tenancy and is silent as to rent overcharges, respondent Padien timely cured both the illegal sublet and rent overcharges as demanded by petitioner’s notice to cure. Respondent Padien returned all rent overpayments to the undertenant, and the undertenant vacated the premises before the expiration of the notice.
The provision of the lease agreement which gives a party an option to terminate the lease will be strictly construed. *95 (Rasch, New York Landlord and Tenant — Summary Proceedings § 760, at 217; Dubois & Son v Goldsmith Bros., 273 App Div 306; Leighton’s Inc. v Century Circuit, 95 AD2d 681.)
Clause 16 of the lease provides that, "if tenant fails to cure the default in the time stated, landlord may cancel the lease by giving tenant a cancellation notice.” Once respondent Padien has timely cured the violation as demanded by petitioner there exists no ground for petitioner to terminate the tenancy. Therefore, the notice of termination served upon respondent Padien was without any effect.
Since the court lacks jurisdiction over this proceeding due to the jurisdictional defect of the notice of termination the application of the ruling in the Continental Towers case and RPAPL 753 (4) becomes moot.
Based on the foregoing, the petition is dismissed.