JACK MORITZ COMPANY MANAGEMENT and Place 35 Apartments, Appellees,

v.

Margaret WALKER, Appellant.

No. 87–865.

Supreme Court of Iowa.

Sept. 21, 1988.

Marti D. Nerenstone, Council Bluffs, for appellant.

Lloyd R. Bergantzel, Council Bluffs, for appellees.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

Defendant, Margaret Walker, appeals the judgment in favor of the plaintiffs, Jack Moritz Company Management (Moritz) and Place 35 Apartments, rendered by the small claims court and affirmed by the district court in this forcible entry and detainer action. Walker asserts these courts erred in their application of Iowa Code chapter 562A (Uniform Residential Landlord and Tenant Act) and in their applica-

tion of pertinent federal laws and regulations. She also contends she was denied due process by the district court judge's reliance on the bench notes of the small claims court magistrate, in lieu of issuing findings of fact and conclusions of law.

This case was tried in equity, so our review is de novo. Iowa R.App.P. 4. We give weight to the fact findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

As an initial matter, we note the judicial magistrate and the district court are not required to issue findings of fact and conclusions of law in small claims actions. The magistrate shall, however, "make detailed minutes of the testimony of each witness and append the exhibits or copies thereof to the record." Iowa Code § 631.11(3) (1985). These minutes should be legible, of course, for the purpose in making them is to provide a record for appellate review. The magistrate shall also render judgment "based upon applicable law and upon a preponderance of the evidence." Iowa Code § 631.11(4) (1985). Although the magistrate need not issue findings of fact and conclusions of law, we believe it is necessary to briefly state the reasons for reaching a particular conclusion. Similarly, it is incumbent upon the district court, when rendering an appellate decision pursuant to section 631.13(4)(a), to state its reasons for reaching that decision. The facts in this case are not disputed and the bench notes of the magistrate are sufficient for our de novo review. *See Sunset Mobile Home Park v. Parsons*, 324 N.W.2d 452, 454 (Iowa 1982).

Place 35 is a for-profit, federally subsidized housing project which is privately owned. It is managed by Moritz; Walker, who qualifies for a federal rental subsidy, is a tenant. On December 26, 1986, electrical service was disconnected to Walker's apartment due to her failure to pay the bill. That same day, Moritz sent Walker a notice the disconnection was a violation of her lease. This notice, pursuant to Iowa Code section 562A.27(1) (1985), informed Walker her lease would terminate in thirty

days unless she remedied the breach within fourteen days. A footnote in the notice, however, informed Walker she had only 72 hours to have electrical power restored to her apartment. Electrical service was reconnected on December 29, 1986, within this 72–hour deadline. Nonetheless, Moritz sent Walker a letter on December 29 notifying her that her lease was being terminated effective February 28, 1987, due to the electrical service disconnection and unspecified "continued damages to the various apartments [she had] rented at Place 35." When Walker refused to vacate the apartment in March 1987, plaintiffs filed a forcible entry and detainer action. After a hearing on March 19, judgment was entered in favor of Walker for possession of the apartment. This judgment was not appealed.

On March 18, however, electrical service was again disconnected to Walker's apartment. Service was reconnected that same day. In response to this disconnection, on March 25 Moritz sent Walker another lease violation notice informing her that her lease would terminate in thirty days unless she remedied the breach within fourteen days. An attachment to this letter requested Walker to also provide information regarding recertification for her rental subsidy.

On April 3, 1987, the resident manager of Place 35 refused to accept Walker's tender of rent for April. Instead, he took $55.00 of the $117.00 owed and gave Walker a receipt for rent paid April 1–14. That same day, Walker received a notice informing her that her lease was terminated effective April 18 due to the second disconnection of electrical service within a six-month period. Pursuant to this notice, plaintiffs brought the present forcible entry and detainer action on April 21, 1987. The small claims court rendered judgment in favor of the plaintiffs and the district court affirmed. We then granted Walker's application for discretionary review. Iowa Code § 631.16 (1985).

The plaintiffs assert termination of the lease pursuant to the April 3 notice was in accordance with Iowa Code section 562A.27(1) (1985), which provides in pertinent part:

> If substantially the same act or omission which constituted a prior noncompliance of which notice was given recurs within six months, the landlord may terminate the rental agreement upon at least fourteen days' written notice specifying the breach and the date of termination of the rental agreement.

Walker asserts the fact she remedied the breach before she received any notice from the plaintiffs nullified any right they might have had to terminate her lease for that breach. Walker also contends the plaintiffs waived their right to terminate her lease under the language quoted above from section 562A.27(1) by sending her the March 25 notice, which afforded her the opportunity to remedy the electrical service disconnection. We find the second of Walker's arguments to be meritorious.

We conclude plaintiffs gave Walker a qualified waiver of this second breach by sending her the March 25 notice. As stated in *Scheetz v. IMT Ins. Co. (Mut.)*, 324 N.W.2d 302 (Iowa 1982):

> We have defined waiver as "the voluntary or intentional relinquishment of a known right." Waiver can be shown by the affirmative acts of a party, or can be inferred from conduct that supports the conclusion waiver was intended. When the waiver is implied, intent is inferred from the facts and circumstances constituting the waiver.

*Id.* at 304 (citations omitted). The inference the lessor has waived a breach is supported by conduct of the lessor which is "consistent with the continued existence of the lease and inconsistent with its termination by forfeiture," and which is undertaken with the lessor's knowledge of the breach. *Salton Comm. Services Dist. v. Southard*, 256 Cal.App.2d 526, 533, 64 Cal. Rptr. 246, 251 (1967); *see also Plassmeyer v. Brenta*, 24 N.J.Super. 322, 329, 94 A.2d 508, 512 (1953) (any action by a lessor knowing of a cause or right of forfeiture that affirms the existence of the lease and recognizes the lessee as his tenant is a

waiver of the right to declare or enforce the forfeiture).

 In this regard, we think it also important to note that in order to terminate a lease, the lessor must manifest its intent to do so by some clear and unequivocal act. *Gassert v. Anderson*, 201 Minn. 515, 517, 276 N.W. 808, 809 (1938); *see Blank v. Independent Ice Co.*, 153 Iowa 241, 246, 133 N.W. 344, 346 (1911). This action must be in strict compliance with the forfeiture provisions relied upon, *Litchfield Co. v. Kiriakides*, 290 S.C. 220, 221, 226, 349 S.E. 2d 344, 347 (S.C.App.1986), for forfeitures are not favored in law or equity. *Beck v. Trovato*, 260 Iowa 693, 698, 150 N.W.2d 657, 660 (1967); *Sorum v. Schwartz*, 411 N.W.2d 652, 654 (N.D.1987). Thus in *In re D'Lites of America, Inc.*, 66 B.R. 558, 560–61 (N.D.Ga.1986), letters from the lessor to the lessee which merely provided the lessee with the opportunity to correct its defaults, but did not evidence an intent to terminate, were not sufficient to terminate the lease.

In this case, the March 25 notice sent to Walker by the plaintiffs did not evidence their intent to immediately terminate the lease. By its terms, Walker had fourteen days to remedy the breach. By giving Walker this opportunity to cure, the plaintiffs manifested their intent to waive for fourteen days whatever rights they had under Iowa Code section 562A.27(1) to terminate the lease. The plaintiffs also manifested their intent to waive Walker's breach by accepting on April 6 the information they had requested of her regarding recertification for her rental subsidy. This action, as well as the sending of the March 25 notice, was inconsistent with an intent to immediately terminate the lease.

We conclude the plaintiffs' termination notice on April 3 was ineffective; since Walker cured the breach before the expiration of the fourteen days provided by the March 25 notice, the plaintiffs no longer had a right to terminate the lease for this second electrical service disconnection. *See Hudsa Realty Corp. v. Padien*, 136 Misc.2d 92, 95, 518 N.Y.S.2d 99, 101 (N.Y. Civ.Ct.1987) (landlord cannot recover possession where tenant's breach is cured pri-

or to expiration of notice to cure). As we have decided reversal is required under Iowa law, we do not address the federal issues raised by Walker. We reverse and remand for entry of judgment in favor of Walker.

REVERSED AND REMANDED.