OPINION OF THE COURT
Per Curiam.
Order entered February 10, 1999 affirmed, with $10 costs.
*498 After surrendering the subject rent-stabilized apartment premises in September 1995, plaintiff commenced this plenary action in February 1996 to recover for alleged rent overcharges for the period January 1987 through September 1995. The claim was based upon defendant landlord’s failure to comply with an extant order of harassment and its failure to serve an initial rent registration when the apartment became subject to rent stabilization. Ultimately, the trial court (Stallman, J.) dismissed the complaint in its entirety pursuant to the Rent Regulation Reform Act of 1997, finding that plaintiff had failed to challenge the amount of rent set forth in annual rent registration statements and that inquiry into the rental history prior to the four-year period preceding the filing of the complaint was precluded (see, Rent Stabilization Law of 1969 [Administrative Code of City of NY] § 26-516 [a]).
Defendant subsequently moved for attorneys’ fees as the prevailing party in the litigation, relying upon a provision in the parties’ (prior) lease requiring reimbursement of legal fees “for legal actions or proceedings brought by owner against you because of a leased default by you or for defending lawsuits brought against Owner because of your actions” (emphasis added). Civil Court erred in its conclusion that this provision applies only to actions brought by third parties against the landlord as a result of the tenant’s actions. This construction is unduly narrow, as the language of the reimbursement clause does not limit recompense to lawsuits commenced by third parties. There is no valid reason to decline to enforce the attorneys’ fees clause in circumstances where a tenant’s own actions in prosecuting a claim cause the landlord to incur legal expenses (see generally, Breed, Abbott & Morgan v Hulko, 139 AD2d 71, 74-75, affd 74 NY2d 686).
Notwithstanding the above, we affirm the result reached by Civil Court upon an alternate ground. The Rent Regulation Reform Act, enacted during the pendency of this case, was made applicable to actions or proceedings pending in any court (Zafra v Pilkes, 245 AD2d 218). As stated by the trial court in its bench decision dismissing the underlying complaint, this statute “completely altered the landscape of the law of rent overcharge in this State.” The court further noted that “assumptions of the parties when the litigation began were revocably [sic] altered by a change in the law.” In this posture, where plaintiff’s action was properly commenced under existing law, but was dismissed because of a change in the law affecting pending rent overcharge cases, we deem it appropriate *499 that each side bear its own legal costs (Wells v East 10th St. Assocs., 205 AD2d 431). While the dissent is correct in its analysis that entitlement to attorneys’ fees under a lease clause is a matter of contractual right, a court’s authority to withhold fees in a particular case is not so closely confined and may turn upon equitable factors or other considerations fact specific to the litigation (see, e.g., Solow v Bradley, 273 AD2d 75, revg NYLJ, Aug. 10, 1999, at 22, col 1, for the reasons stated in the dissenting opn of Freedman, J.; RAM I v Stuart, 248 AD2d 255; Walentas v Johnes, 257 AD2d 352).