■ In the Matter of 151-155 Atlantic Ave., Inc., Appellant, v Elizabeth Pendry, Respondent, et al., Respondents. [764 NYS2d 852] —In a holdover proceeding, the petitioner appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 30, 2002, as modified an order of the Civil Court, Kings County, dated June 15, 2001, by permanently staying execution of a warrant of eviction.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the permanent stay of execution of the warrant of eviction is vacated.

In this holdover proceeding, the landlord seeks to remove the rent-stabilized tenant on the ground that the tenant violated the anti-subletting provision of the subject lease and overcharged the subtenants for the use of the premises. The Civil Court rendered a final judgment of possession in the landlord's favor and issued a warrant of eviction. The Appellate Term permanently stayed the warrant of eviction because shortly after the commencement of the holdover proceeding, the tenant cured her breach by removing the subtenants from the premises. The landlord appeals.

Under RPAPL 753 (4), a tenant has 10 days to cure the breach of a lease provision. While the statute authorizes the Civil Court to impose a permanent injunction in favor of the tenant, precluding forfeiture of the lease upon the tenant's curing the breach within the 10-day period (*see Post v 120 E. End Ave. Corp.,* 62 NY2d 19 [1984]), RPAPL 753 (4) is not to be mechanically applied to defeat the purpose of the rent stabilization provisions. "The integrity of the rent stabilization scheme is obviously undermined if tenants, who themselves are the beneficiaries of regulated rentals, are free to sublease their apartments at market levels and thereby collect the profits which are denied the main landlord" (*Continental Towers Ltd. Partnership v Freuman,* 128 Misc 2d 680, 681 [1985]; *see also BLF Realty Holding Corp. v Kasher,* 299 AD2d 87 [2002]).

Where, as here, there has been a substantial surcharge by the tenant, the tenant should not be permitted to cure the lease violation (*see BLF Realty Holding Corp. v Kasher, supra; Continental Towers Ltd. Partnership v Freuman, supra*). The conduct of a profiteering rent-stabilized tenant "is not to be condoned by permitting the tenant to remain after the fraud has been found out" (*Continental Towers Ltd. Partnership v Freuman, supra* at 682). Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.