■ 1711 LLC et al., Appellants-Respondents, v 231 WEST 54th CORP. et al., Respondents-Appellants, et al., Defendants. [776 NYS2d 43]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered March 18, 2003, which, in these consolidated

actions, granted in part and denied in part the motion for summary judgment of Action No. 1 plaintiffs 1711 LLC, Linda Mandel and Alvin Schein, and the cross motion for summary judgment of Action No. 1 defendants 231 West 54th Corp., 1709 Broadway Associates, L.P., and Steven Kessner, unanimously modified, on the law, to grant plaintiffs' motion to the further extent of dismissing defendants-respondents' Action No. 2 claim for fraud in its entirety, and to grant defendants-respondents' cross motion to the further extent of dismissing plaintiffs' Action No. 2 setoff and counterclaim for defamation, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Summary judgment declaring that defendants-respondents were entitled to interest on the proceeds of the parties' real estate transactions from July 10, 2000 until May 30, 2001, when the transactions closed, was proper, in light of the plain and unambiguous interest provisions in the governing exchange agreements (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]).

Defendants-respondents' Action No. 2 claim for fraud was, however, manifestly insufficient and should have been dismissed in its entirety. The claim was not pleaded with the particularity mandated by CPLR 3016 (b), since, inter alia, defendants-respondents wholly failed to specify how they were injured as a result of plaintiffs' alleged misrepresentations (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]; *Channel Master Corp. v Aluminium Ltd. Sales*, 4 NY2d 403, 407 [1958]).

Also without merit and improperly sustained by the motion court was plaintiffs' setoff and counterclaim in Action No. 2, alleging that defendants-respondents' fraud claim contained allegations that were false and defamatory. Defendants-respondents' allegations of fraud, made in the course of judicial proceedings, were privileged and thus nonactionable (*see Mosesson v Jacob D. Fuchsberg Law Firm*, 257 AD2d 381, 382 [1999], *lv denied* 93 NY2d 808 [1999]).

Finally, although the governing agreements provided that "the Court in its discretion, may award the prevailing party reasonable attorneys' fees and costs," the court properly exercised its discretion in declining to make such an award, particularly since neither side prevailed in all, or substantially all, respects. Concur—Nardelli, J.P., Andrias, Sullivan and Ellerin, JJ.