■ 54 GREENE STREET REALTY CORP., Appellant-Respondent, v KENNETH R. SHOOK et al., Respondents-Appellants. [779 NYS2d 77]—

Orders, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 11, 2003 and January 21, 2004, which, in an action for, inter alia, ejectment, granted defendants tenant's and roommate's motion for summary judgment dismissing the action upon condition that the tenant refund to the roommate any rent paid by the roommate to the tenant in excess of 50% of the rent payable by the tenant to the landlord, and dismissed the action upon proof of compliance with such condition, unanimously affirmed, without costs. Order, same court and Justice, also entered January 21, 2004, which, inter alia, granted the landlord's motion to reargue the order of July 11, 2003, and, upon reargument, awarded the landlord reasonable attorneys' fees, unanimously modified, on the law and the facts, to vacate the award of attorneys' fees, and otherwise affirmed, without costs.

Although the tenant violated Rent Stabilization Code (9 NYCRR) § 2525.7 by charging the roommate more than half the monthly stabilized rent, the IAS court properly refused to eject the tenant and his roommate since the amount of overcharge was small and there was no evidence of bad faith or an intent to profiteer (cf. BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 91 [2002], lv dismissed 100 NY2d 535 [2003]; compare RAM 1 LLC v Mazzola, 2001 NY Slip Op 50073[U], lv denied 2002 NY App Div LEXIS 6531). As the IAS court found, it was not unreasonable for the tenant to believe that he was entitled to some compensation for the improvements he made to this loft space. While the landlord established that the overcharge was unlawful, it failed to obtain what it truly sought, namely, eviction of the tenant and his roommate. Under these circumstances, neither party is a "prevailing party" entitled to recover attorneys' fees under Real Property Law § 234 (see Mosesson v 288/98 W.

*End Tenants Corp.*, 294 AD2d 283, 284 [2002]), and we modify accordingly. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur— Nardelli, J.P., Mazzarelli, Andrias, Gonzalez and Sweeny, JJ.