OPINION OF THE COURT
Per Curiam.
Final judgment, entered March 11, 2004, affirmed, without costs. Execution of the warrant shall be stayed on condition that tenant, within 30 days after service of a copy of this order with notice of entry, refunds to each roommate any rent paid by the roommate to tenant after January 1, 2001 in excess of 25% of the legal regulated rent.
Judgment, entered May 12, 2004, reversed, without costs, and the award of attorney’s fees is vacated.
The record, including the parties’ stipulation of facts, established that the rent-stabilized tenant collected rent from three roommates in the aggregate sum of $2,100 per month, in excess of the legal regulated rent of $1,954 per month. The tenant thus charged his roommates a disproportionate share of the legal rent in violation of Rent Stabilization Code (9 NYCRR) § 2525.7, conduct warranting issuance of a possessory judgment in landlord’s favor (see RAM 1 LLC v Mazzola, 2001 NY Slip Op 50073[U] [2001], lv denied 2002 NY App Div LEXIS 6531). However, the overcharges did not rise to a level of profiteering requiring eviction of the long-term tenant without giving him an opportunity to cure (see 54 Greene St. Realty Corp. v Shook, 8 AD3d 168 [2004], lv denied 4 NY3d 704 [2005]; see also Ariel Assoc. v Brown, 271 AD2d 369 [2000]). Significantly, the surcharge amounts, though not insubstantial, do not reflect commercial exploitation of the regulated tenancy (see 270 Riverside Dr., Inc. v Braun, 4 Misc 3d 77, 79 [2004] [no “incurable violation” shown by tenant’s collection of rent from two roommates in the aggregate sum of $1,270, where the legal regulated rent was $1,192]; compare West 148 LLC v Yonke, 11 Misc 3d 40, 41 [2006] [eviction required where tenant charged a series of roommates nearly double the monthly stabilized rent and advertised the apartment under an Internet listing for “Affordable Hotels”]). Nor, so far as shown by the parties’ stipulation of *101 facts, were the financial arrangements between tenant and his roommates actuated by “bad faith or an intent to profiteer” (54 Greene St. Realty Corp. v Shook, 8 AD3d at 168, supra). Tenant’s belief that he was entitled to compensation in the form of rent for the services and amenities he provided to .his roommates, though erroneous (see Bryant v Carey, 196 Misc 2d 412 [2003]), was not palpably unreasonable (Shook, 8 AD3d at 168).
Although the landlord may have achieved prevailing party status by obtaining a possessory judgment (see generally 490 Owners Corp. v Israel, 189 Misc 2d 34, 35 [2001]), the imposition of attorney’s fees would be unfair under the particular circumstances of this case, where tenant’s roommate overcharges would not have triggered a possessory remedy at their inception (see 520 E. 81st St. Assoc. v Roughton-Hester, 157 AD2d 199 [1990]) and where the tenant’s litigation position, albeit unsuccessful, was of colorable merit in an unsettled area of the law (see Wells v East 10th St. Assoc., 205 AD2d 431 [1994]; Rose v Montt Assets, 187 Misc 2d 497 [2000]; cf. Huron Assoc., LLC v 210 E. 86th St. Corp., 18 AD3d 231 [2005]).
Davis and Schoenfeld, JJ., concur.