McKeon, EJ.
(dissenting in part). While we are all in agreement that petitioner landlord showed entitlement to a possessory judgment, I cannot abide the majority’s decision to bestow upon this tenant the unwarranted largesse of permanently staying enforcement of the judgment in the face of the tenant’s demonstrated commercial exploitation of the regulated tenancy. I thus respectfully dissent in part and would affirm the order here under review in its entirety, essentially for reasons stated by Marc Finkelstein, J., at Civil Court. The record conclusively *61 demonstrated that the rent-stabilized tenant engaged in unlawful commercial profiteering, initially charging his subtenant a monthly rental of $1,625 and collecting a security deposit in the same amount, at a time when tenant was paying the main landlord the legal regulated rent of $425. Such rent gouging against a subtenant undermines the integrity of the rent stabilization system and constitutes an incurable ground for eviction (see Matter of 151-155 Atl. Ave. v Pendry, 308 AD2d 543 [2003]; Continental Towers Ltd. Partnership v Freuman, 128 Misc 2d 680 [1985]).
That the exploitive sublease arrangement was, in the majority’s view, of a relatively “short-term” duration does not warrant their grant of a permanent injunction enjoining the tenant’s eviction, at least on this record which indicates that the subtenant prematurely vacated the apartment in response to the landlord’s commencement of the within summary eviction proceeding (compare Ariel Assoc, v Brown, 271 AD2d 369 [2000], Iv dismissed 95 NY2d 844 [2000]). Further, even assuming that tenant’s conduct was curable, tenant failed to effectively cure, since he did not refund any portion of the substantial surcharge, but merely credited most, but not the entire amount of the surcharge against the subtenant’s future rent, a scheme devised, as the motion court put it, “at the point that he was caught surcharging the subtenant 382% above the legal rent.” “The conduct of a profiteering rent-stabilized tenant ‘is not to be condoned by permitting the tenant to remain after the fraud has been found out’ ” (Matter of 151-155 Atll. Ave. v Pendry, 308 AD2d at 544, quoting Continental Towers Ltd. Partnership v Freuman, 128 Misc 2d at 682).
Schoenfeld and Heitler, JJ., concur; McKeon, RJ., dissents in part in a separate opinion.