CAMBRIDGE DEVELOPMENT, LLC, Appellant, v BRUCE STAYSNA, Respondent. [892 NYS2d 343]—

Appellate Term properly modified the order of the Civil Court by permanently staying execution of the warrant of eviction because although a tenant who profiteers on a rent-stabilized apartment by substantially overcharging a subtenant may forfeit his or her rights under rent stabilization (*see e.g. Matter of 151-155 Atl. Ave. v Pendry*, 308 AD2d 543 [2003]; *Continental Towers Ltd. Partnership v Freuman*, 128 Misc 2d 680, 681-682 [1985]), the circumstances presented do not warrant termination of tenant's 16-year rent-stabilized tenancy. Although tenant sublet his rent-stabilized apartment to a subtenant for a substantial percentage above the legal rent, the tenancy was to be of short duration and upon learning of the illegality of the rent being charged, tenant promptly cured any violation of Rent Stabilization Code (9 NYCRR) § 2525.6 (b) by immediately agreeing with the subtenant to offset his future rent and utility payments at the legal rate against the full amount of his initial overpayment. This arrangement was reached before the first month of the sublease had ended, and thus the duration of the illegal overcharging by tenant was brief, the offset resulted in a full refund of the overpayment, and landlord was aware of tenant's cure before the commencement of the holdover proceeding (*see e.g. Ariel Assoc. v Brown*, 271 AD2d 369 [2000], *lv dismissed* 95 NY2d 844 [2000]; *Central Park W. Realty v Stocker*, 1 Misc 3d 137[A], 2004 NY Slip Op 50058[U] [2004]; *Husda Realty Corp. v Padien*, 136 Misc 2d 92 [Civ Ct, NY County 1987]). Concur—Gonzalez, P.J., Tom, Sweeny, Freedman and Abdus-Salaam, JJ.