Order, Supreme Court, New York County (Milton A. Tingling, J), entered July 26, 2013, which denied defendant landlord’s motion for an award of attorneys’ fees in connection with the underlying action, unanimously affirmed, with costs.
The court providently exercised its discretion in denying defendant’s motion for attorneys’ fees, as neither party prevailed in the action (see 54 Greene St. Realty Corp. v Shook, 8 AD3d 168 [1st Dept 2004], lv denied 4 NY3d 704 [2005]; 1711 LLC v 231 W. 54th Corp., 7 AD3d 261 [1st Dept 2004]).
In 2002, plaintiff tenant commenced an action against the landlord seeking a permanent injunction barring the landlord from doing further renovation work in the premises, an order directing the landlord to remove what was already done, a full *475 abatement of rent, compensatory and punitive damages, and permanent injunctive and declaratory relief preventing the landlord from terminating the lease based on a default notice. The landlord amended its answer to include a counterclaim for attorneys’ fees and unpaid rent.
The trial court dismissed the tenant’s claim for damages and a rent abatement, and entered judgment for the landlord for unpaid rent, finding that the landlord’s alteration to the premises was de minimis and did not interfere with the operation of the tenant’s business. The court further found that neither party could be deemed a prevailing party in the matter, and dismissed all claims for attorneys’ fees. This Court modified to the extent of remanding the matter to determine actual damages to the tenant (23 AD3d 100, 105 [1st Dept 2005]).
Upon remand, the landlord did not seek attorneys’ fees, and the hearing court determined that the tenant was not entitled to any damages award; this Court affirmed the order (79 AD3d 417, 418 [1st Dept 2010], affd on other grounds 18 NY3d 617 [2012], cert denied 568 US —, 133 S Ct 654 [2012]).
The tenant then appealed to the Court of Appeals, which affirmed this Court’s order on different grounds, finding that although the remedy for a partial eviction is not monetary damages, but a complete rent abatement, the tenant’s partial eviction was so “trivial” that it failed to demonstrate any actual damages or loss of enjoyment of the premises (Eastside Exhibition Corp. v 210 E. 86th St. Corp., 18 NY3d 617, 622, 624 [2012]).
Here, the decisions rendered on appeal subsequent to this Court’s 2005 decision did not disturb the trial court’s finding that neither party prevailed. The procedural history of this case demonstrates that this Court considered the landlord’s application for attorneys’ fees and rejected it, thus agreeing with the Supreme Court that neither the tenant nor the landlord was a “prevailing party” in this action, noting that our decision constituted the law of the case and was binding on the Supreme Court on remand (79 AD3d 417, 418 [1st Dept 2010]; see also 54 Greene St. Realty Corp., 8 AD3d at 168).
Concur — Gonzalez, EJ., Sweeny, Moskowitz, Freedman and Kapnick, JJ.