335-7 LLC, Petitioner-Landlord-Respondent,
against
Tracy Steele, Respondent-Tenant-Appellant, - and - "John Doe" and "Jane Doe," Respondents-Undertenants.



Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Phyllis K. Saxe, J.), entered on or about August 6, 2015, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Phyllis K. Saxe, J.), entered on or about August 6, 2015, affirmed, with $25 costs.
The trial evidence showed, and it was essentially undisputed, that tenant listed her rent stabilized apartment on the Airbnb website at a nightly rental rate starting at $215 (plus other charges); that she provided linens, towels, wifi, television and housekeeping service; that she entered into some two dozen separate rentals, totaling at least 120 nights in a 14 month period, with groups as large as seven adults staying up to 10 days, and paying as much as $375 for one night; and that she reported her Airbnb rental income on Schedule E in her 2009 and 2010 federal income tax returns, while deducting apartment expenses such as laundry, supplies, housekeeping, utilities and insurance against this income (see generally Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453 [2015]). This evidence amply supported the trial court's conclusion that tenant's conduct was in the nature of subletting rather than taking in roommates (see 220 W. 93rd St., LLC v Stavrolakes, 33 AD3d 491 [2006], lv denied 8 NY3d 813 [2007]), and constituted profiteering and commercialization of the premises, an incurable violation of the Rent Stabilization Law (see Gruber v Anastas, 100 AD3d 829 [2012]; Matter of 151-155 Atl. Ave. v Pendry, 308 AD2d 543 [2003]; cf. Cambridge Dev., LLC v Staysna, 68 AD3d 614 [2009]). "The integrity of the rent stabilization scheme is obviously undermined if tenants, who themselves are the beneficiaries of regulated rentals, are free to sublease their apartments at market levels and thereby collect the profits which are denied the main landlord" (Continental Towers Ltd. [*2]Partnership v Freuman, 128 Misc 2d 680, 681 [1985]). In addition, tenant's illegal, de facto hotel operation showed complete disregard for the legitimate security concerns of landlord and other tenants, as she provided the building security access code to her paying guests and brought dozens of strangers into a residential building (see 128 Second Realty LLC v Dobrowolski, 51 Misc 3d 147[A], 2016 NY Slip Op 50772 [App Term, 1st Dept., 2016] [Shulman, J., concurring]). 
Tenant's remaining arguments, to the extent preserved for appellate review, have been considered and rejected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2016