# IN THE COURT OF APPEALS OF IOWA

No. 18-0109
Filed December 19, 2018

**TRISTATE ADJUSTMENTS, INC.,**
    Plaintiff-Appellee,

**vs.**

**JANISE E. FIRMAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Chickasaw County, Stephanie C. Rattenborg, District Associate Judge.

Upon discretionary review, defendant Janise Firman challenges the small claims judgment entered against her based on Iowa Code section § 597.14 (2017). **REVERSED AND REMANDED FOR DISMISSAL.**

Judith O'Donohoe of Elwood, O'Donohoe, Braun, White, LLP, Charles City, for appellant.

Phillip James Addis of Addis Law, LLC, La Crosse, for appellee.

Considered by Vogel, P.J., McDonald, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**BLANE, Senior Judge.**

This case is before us on discretionary review from a small claims judgment entered against both Dirk Firman and Janise Firman. Defendant Janise Firman challenges the entry of judgment against her.[1] Because we find the evidence was not sufficient to establish Janise was married to Dirk at the time he incurred a reasonable and necessary medical expense, we reverse the judgment and remand for dismissal of the action against Janise. Since we decide this appeal on the first issue, we find it unnecessary to address the other issues raised by Janise.

## I.    Factual and procedural background.

On June 19, 2013, Dirk received medical care at Waverly Health Center in Waverly, Iowa, for which he incurred medical expenses. After partial payment by a medical insurance carrier, there remained three separate statements for unpaid medical expenses in the total amount of $2808. After unsuccessful attempts to recover this amount, Waverly Health Center assigned the account for collection to Tristate Adjustments, Inc. (Tristate).

On April 12, 2017, Tristate filed a petition in small claims against Dirk and Janise for money judgment in the amount of $2808 based on "Past due account with: Waverly Health Center."[2] Both Dirk and Janise filed small claims "Appearance and Answer" forms with the line checked, "The claim is denied." Janise also filed a motion to dismiss on the basis that she was not named on any

---

[1] Defendant Dirk Firman did not seek discretionary review and is not a party in this proceeding.
[2] The small claims petition was filed by an attorney representing Tristate.

of the Waverly Health Center bills and did not have any business relations with Waverly Health Center.[3]

The small claim trial was held on September 28, 2017, before the magistrate. The parties were represented by counsel. Tristate presented its evidence through its representative, Patricia Thompson. Her testimony at the trial regarding whether Dirk and Janise were married on June 19, 2013, when Dirk received the medical services at Waverly Health Center was as follows:

> Q. And it's your position that Dirk and Janise were married at the time these charges were incurred? A. Yes.
> Q. Is it your position that the spouse is responsible for the care given the other spouse? A. Right, correct.

On cross-examination, Thompson testified:

> Q. Did you look up their marriage license? A. Their marriage license?
> Q. Yup. To see if they were married. A. We went on the Iowa court records to see if there was anything showing filed. There wasn't a divorce.
> Q. A divorce. Did you get their marriage license? A. No.
> Q. So you really don't know if they were married? But you're saying you did look at Iowa courts online to see if they were divorced; is that correct? A. Yes. When there is—yes, right.

At the conclusion of the trial, Janise's counsel argued that Tristate had failed to present evidence establishing Janise was married to Dirk when Dirk received the medical services at Waverly Health Center so as to make Janise responsible under Iowa Code section 597.14 (2017). Following trial, the court entered judgment against both Dirk and Janise, jointly and severally, in the amount of $2808, plus court costs. The magistrate did not make any findings.

---

[3] We note that this motion was not directly ruled on, but it was impliedly overruled when judgment was entered against Janise.

Dirk and Janise filed their notice of appeal. Both parties were granted forty-five days to file appeal briefs with the district associate judge assigned to hear the small claims appeal. The parties agreed that the district associate judge would determine the appeal based upon the informal transcript of the small claims trial without further record or a hearing. Counsel for Dirk and Janise timely filed an appeal brief; Tristate did not file a brief. On November 15, 2017, the district associate judge filed a written order on appeal setting forth the standard of review and an analysis and conclusion.

As to the issue of whether Janise and Dirk were married and Janise legally responsible for Dirk's unpaid medical bills, the district associate judge cited two facts. The court first set out that the record showed Ms. Thompson had researched public records and did not find a dissolution of marriage record for them. Second, the court found that the return of service of the small claim petition in the court file showed service on both Dirk and Janise at the same resident address. The court did not cite or rely on Ms. Thompson's trial testimony that it was her "position" that Dirk and Janise were married when Dirk incurred the medical expenses. The court concluded that Tristate proved Dirk and Janise were husband and wife and affirmed the small claim judgment against both of them.

## II. Scope of review.

The scope of review of a small claims action depends upon the nature of the case. *See Credit Bureau Enters., Inc. v. Pelo*, 608 N.W.2d 20, 23 (Iowa 2000), *superseded by statute on other grounds*. The claim in the case before us is for breach of contract, a law action. *See Rogers v. Webb*, 558 N.W.2d 155, 156 (Iowa 1997). Therefore, our review is for correction of errors of law. *See id.* The trial

court's findings of fact "are binding if supported by substantial evidence." *Land O'Lakes, Inc. v. Hanig*, 610 N.W.2d 518, 522 (Iowa 2000).

### III. Discussion.

"The reasonable and necessary expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." Iowa Code § 597.14. A reasonable and necessary medical expense for one spouse is considered a family expense for which the other spouse may be chargeable and sued.[4] *St. Luke's Med. Ctr. v. Rosengartner*, 231 N.W.2d 601, 602 (Iowa 1975). Medical and hospital expenses are of that character. *Iowa Methodist Hosp. v. Utterback*, 6 N.W.2d 284, 285 (Iowa 1942).

In order for the plaintiff to recover judgment against the spouse of the person who incurred the reasonable and necessary expenses, the plaintiff must present sufficient evidence to prove they were husband and wife. *See In re Fisher's Estate*, 176 N.W.2d 801, 804 (Iowa 1970). There is no presumption that persons are married*. Id.* The burden of proving a marriage rests on the party who asserts it. *Id.* The issue then is whether Tristate presented substantial evidence to support the court's finding that Dirk and Janise were married and Janise, therefore, was jointly or separately liable pursuant to the statute. We find there was not.

Even though the statute directs the small claim hearing "shall be simple and informal, . . . without regard to technicalities of procedure," Iowa Code

---

[4] *McDaniels v. McClure* sets out the nature of expenses which constitute expenses "of the family." 120 N.W. 1031, 1032 (Iowa 1909).

§ 631.11(1), "[j]udgment shall be rendered, based upon applicable law and upon a preponderance of the evidence." *Id.* § 631.11(4). Nothing about the decreased formality or technicality of the proceeding suggests a lower standards of proof is required to prevail. Further, in *Jack Moritz Co. Mgmt. v. Walker*, 429 N.W.2d 127, 128 (Iowa 1988), our supreme court clarified:

> Although the magistrate need not issue findings of fact and conclusions of law, we believe it is necessary to briefly state the reasons for reaching a particular conclusion. Similarly, it is incumbent upon the district court, when rendering an appellate decision pursuant to section 631.13(4)(a), to state its reasons for reaching that decision.

If an appeal is taken, as here, from a magistrate to a district associate judge, it is controlled by Iowa Code section 631.13(4)(a), which provides:

> The appeal shall be promptly heard upon the record thus filed without further evidence. . . . The judge shall decide the appeal without regard to technicalities or defects which have not prejudiced the substantial rights of the parties, and may affirm, reverse, or modify the judgment, or render judgment as the judge or magistrate should have rendered.

The district court conducts a de novo review on the record made before the magistrate unless it finds the record inadequate for the purpose of rendering a judgment, in which case it may order additional evidence to be presented. *Sunset Mobile Home Park v. Parsons*, 324 N.W.2d 452, 454 (Iowa 1982). As noted above, our review is for corrections of error of law. We review the record as made before the magistrate for substantial evidence and review the district associate judge appeal ruling for errors of law.

In finding that Tristate proved Dirk and Janise were spouses, the district associate court first relied on the trial record made before the magistrate that showed Ms. Thompson had researched public records and did not find a

dissolution of marriage record. We agree with Janise that proof of this negative is not substantial evidence to prove the positive—that Dirk and Janise were married. Certainly, if they were never married, there would also not be a record of a dissolution of marriage as testified to by Ms. Thompson.

Second, the district associate court stated in its order on appeal:

The returns of service filed in this matter indicate both Janise and Dirk Firman were personally served at [a residential address]. Medical and hospital expenses constitute expenses of the family. This court agrees Tristate carried its burden of proof regarding the joint liability of the debt between Janise and Dirk Firman.

(Citation omitted.) Initially, we question the district court judge's reliance on the returns of service. The returns of service were not offered as evidence in the small claims trial. Iowa Rule of Civil Procedure 1.308 allows a court to take judicial notice of returns of service. *See also Gutierrez v. Wal-Mart Stores, Inc.*, 638 N.W.2d 702, 705 (Iowa 2002). However, the record reveals that the trial magistrate was not asked to and did not take judicial notice of the returns of service so as to be part of the record on appeal for the district associate court. Yet Iowa Code section 631.13(4)(a) provides, "The appeal shall be promptly heard *upon the record thus filed without further evidence."* (Emphasis added.) If the district associate court desired to consider the returns of service on appeal, it should have at least given notice to the parties of this fact and obtained their approval to take judicial notice. *See* Iowa Code § 631.13(4)(a)(2).

In any event, even if it was proper to consider the returns of service, they do not provide substantial evidence of a marriage between Dirk and Janise. Again, we agree with Janise that service upon two individuals with the same last name who reside at the same address does not establish they are married to each other.

They could be family members with the same last name who happen to reside together or need not be family members at all—they may simply share the same last name. This is not substantial evidence of a marriage.

Finally, we note that the district associate court did not rely on Ms. Thompson's trial testimony that it was her "position" that Dirk and Janise were married when Dirk incurred the medical expenses. Since it was not relied upon, we do not need to address it under our review standard of errors of law. Even if we were to address it, it likewise does not appear to us to be substantial evidence that Dirk and Janise are or were husband and wife. Such an opinion was without factual support, especially since Ms. Thompson acknowledged only investigating whether there was a dissolution of marriage record; not a marriage record. [5]

## IV.    Conclusion.

Based upon our review we find there was not substantial evidence to prove that Dirk and Janise were married and there was no basis to enter judgment against her in this case based on Iowa Code section 597.14. We determine entry of the small claims judgment against Janise was error and remand the action for dismissal of the small claims petition as to Janise.

**REVERSED AND REMANDED FOR DISMISSAL.**

---

[5] Tristate contends Janise did not produce affirmative evidence to refute the evidence provided by Thompson. Janise, as the defendant, did not bear the burden of proving the elements of the contract claim, Tristate did. As we stated above, its proof did not constitute substantial evidence.