261/271 Seaman Avenue LLC, Petitioner-Landlord-Appellant, 
against
Rebekah Jordaan, Respondent-Tenant-Respondent.




Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about August 6, 2018, after a nonjury trial, awarding possession to tenant in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about August 6, 2018, affirmed, with $25 costs.
A judgment rendered after a bench trial should not be disturbed unless it is obvious that the court's conclusions cannot be supported by any fair interpretation of the evidence, particularly where the credibility of witnesses is central to the case (see Nightingale Rest. Corp. v Shak Food Corp., 155 AD2d 297 [1989], lv denied 76 NY2d 702 [1990]). Applying that standard here, the court's finding that the nature and frequency of the rent stabilized tenant's rental of space in her apartment on a short-term basis did not constitute commercialization of the apartment and profiteering should not be disturbed (see generally Aurora Assoc. LLC v Hennen, 157 AD3d 608, 608 [2018], citing 220 W. 93rd St., LLC v Stavrolakes, 33 AD3d 491 [2006], lv denied 8 NY3d 813 [2007]). 
The methodology the trial court utilized for calculating the overcharge, which applied Rent Stabilization Code [9 NYCRR] § 2525.6(b) to determine the permissible amount that tenant could charge, and considered, inter alia, tenant's income from all the subletting "compared to the share of her rent attributable to the days she was actually hosting a subtenant in the apartment, not to her rent for the entire month during which the subletting occurred" (Goldstein v Lipetz, 150 AD3d 562, 567 [2017], appeal dismissed sub nom. Pearce v Lipetz, 30 NY3d 1009 [2017]), was proper.
Nor do we have any basis to disturb the court's conclusion that tenant's collection of an excess of only $136.25 in total from 21 guests over an 18-month period was a "de minimus" amount and insufficient to warrant the forfeiture of a long term [21-year] regulated tenancy (cf. Goldstein v Lipetz, supra [93 guests and $12,000 excess collected over a similar period]; see Cambridge Dev., LLC v Staysna, 68 AD3d 614 [2009]; Roxborough Apts. Corp. v Becker, 11 Misc 3d 99 [App Term, 1st Dept 2006]). We further note that tenant testified without contradiction that she had ceased subletting nearly a year before landlord served the notice to [*2]cure in this proceeding, and had complied with all of the demands in landlord's notice to cure (see Cambridge Dev., LLC v Staysna, 68 AD3d at 615).
By our affirmance, we do not condone tenant's conduct. Clearly, the other building residents did not bargain to share the building where they made their homes with transient strangers of unknown character and reputation, drawn to the building from all over the world by Internet advertising placed by tenant, conduct that in an appropriate case warrants termination of the tenancy without any right to cure (Goldstein at 570). We simply hold that a fair interpretation of the evidence supports the determination that tenant's conduct in this particular case did not rise to an incurable violation.
We have considered all of landlord's remaining arguments and find them unpersuasive. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: October 24, 2019