498 W. End Ave. LLC v Reynolds (2025 NY Slip Op 52044(U))

[*1]

498 W. End Ave. LLC v Reynolds

2025 NY Slip Op 52044(U)

Decided on December 23, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

570861/18

498 West End Avenue LLC, Petitioner-Appellant,
againstJan Reynolds, Respondent-Respondent.

Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Norma J. Jennings, J.), entered on or about February 6, 2025, after a nonjury trial, dismissing the petition in a holdover summary proceeding.

Per Curiam.
Final judgment (Norma J. Jennings, J.), entered on or about February 6, 2025, affirmed, with $25 costs.
Giving due deference to the trial court's detailed findings of fact and credibility, we find no cause to disturb the court's dismissal of the holdover petition based upon allegations of profiteering in connection with unauthorized subtenants (see Ariel Assoc. v Brown, 271 AD2d 369 [2000], lv dismissed 95 NY2d 844 [2000]). Unlike cases where a tenant sublets his apartment at market rates to realize substantial profits not lawfully available to landlord, which is an incurable violation (see Aurora Assoc. LLC v Hennen, 157 AD3d 608, 608 [2018]; Goldstein v Lipetz, 150 AD3d 562, 567 [2017], appeal dismissed sub nom. Pearce v Lipetz, 30 NY3d 1009 [2017]; 220 W. 93rd St., LLC v Stavrolakes, 33 AD3d 491 [2006], lv denied 8 NY3d 813 [2007]), here the per diem amount tenant charged individuals did not exceed her share of the rent for the days she was actually hosting a subtenant in the apartment (see Goldstein v Lipetz, 150 AD3d at 567). As Civil Court found, tenant "did not charge beyond the sublet amount and in fact charged lower than the rent for the apartment plus the 10% surcharge," conduct that did not warrant forfeiture of a long-term (40-year) regulated tenancy by the 85-year old tenant without an opportunity to cure (see 261/271 Seaman Ave. LLC v Jordaan, 65 Misc 3d 141[A], 2019 NY Slip Op 51714[U] [App Term, 1st Dept 2019]; cf. Goldstein v Lipetz, supra [93 guests and $12,000 excess collected over a similar period]; see also Cambridge Dev., LLC v Staysna, 68 AD3d 614 [2009]).
By our affirmance, we do not condone tenant's conduct (see 261/271 Seaman Avenue [*2]LLC v Jordaan, 65 Misc 3d 141[A]). We simply hold that tenant's conduct in this particular case did not rise to an incurable violation.
We have considered all of landlord's remaining arguments and find them unavailing.
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the CourtDecision Date: December 23, 2025